JOHN MILLER, Plaintiff, *v.* EDWARD SWANN and MARGARET G. SWANN, Defendants.

City Court of New York, New York County, April 7, 1941.

*William L. Standard [Edward Szukelewicz* of counsel], for the plaintiff.

*Feil & Zipser [Isidore Feil* of counsel], for the defendants.

SCHIMMEL, J. This motion involves the construction and application of section 229-b of the Civil Practice Act (added by Laws of 1940, chap. 99), which became effective September 1, 1940. The defendants, appearing specially move to set aside service of a summons and complaint upon them pursuant to that statute. They contend (1) that they do not " engage in business in this State; " (2) that the alleged cause of action is not one " arising out of such business; " and (3) that the summons and complaint were not served upon " the person in charge of such business within this State."

The defendants are not residents of the State of New York. The action is for personal injuries allegedly sustained by plaintiff in a building owned by the defendants in the city of New York which was formerly a private residence but has been leased by the defendants to a tenant who uses it as a room ng house, renting out he rooms to various lodgers The plaintiff claims to be one of these lodgers and claims to have been injured as the result of a fire he attributes to the negligence of the defendants, " their agents, servants and employees," which made it necessary for him to jump out of a window into a court yard.

Of course, it is not necessary to determine now whether plaintiff's injuries were caused by the negligence of defendants or of any one whose negligent acts or omissions may be imputed to them. It is necessary only to decide whether the defendants are doing business in this State within the meaning of the newly-enacted statute, whether plaintiff's alleged injuries arose out of the business of the defendants, and whether a proper person was served with process.

The passage of section 229-b of the Civil Practice Act was recommended by the Law Revision Commission. (Leg. Doc. [1940] No. 65 [D].) It was intended to effect a purpose similar to that

accomplished by section 52 of the Vehicle and Traffic Law and section 442-g of the Real Property Law, to confer upon the courts of this State personal jurisdiction over non-residents engaged in business in the State in all causes of action growing out of the business, by substituted service on the person in charge of the local business of the non-resident.

It appears that these defendants, husband and wife, own numerous buildings within the city of New York. The defendant Mr. Edward Swann owns some thirty buildings. Mrs. Swann, codefendant, owns about a dozen buildings. Apparently both defendants own the building in which the plaintiff suffered his alleged injuries. The property owned by defendants is income-producing property and is rented out to various tenants. The property involved in this case is, as above stated, rented to a single tenant who conducts a rooming-house business. The numerous other buildings owned by the defendants are tenement houses, described in the affidavit of plaintiff's attorney as " a chain of tenement buildings." All of this property is managed for defendants by real estate agents.

It seems to me that defendants are doing business in this city within the meaning of section 229-b of the Civil Practice Act. That statute should be liberally construed in order to accomplish the purpose for which it was enacted. One owning real property and having many tenants here, income-producing property, does business here, although he has delegated the management of the property to others. The ownership and operation of real estate, for the rents and profits accruing therefrom, is a business The point made by defendants that they do not personally manage the property is an irrelevant one. It seems to me that section 229-b of the Civil Practice Act is intended to apply specifically to those non-residents who do not manage their own business within the State but leave someone else in charge of it. The case of these defendants falls within the provisions of the statute.

I think also that the cause of action arises out of the business of the defendants. It is as an incident of the ownership, operation and management of defendants' real estate that plaintiff was allegedly injured. The statute was not, I think, intended to apply only in favor of such persons as are in a contractual relationship to, or in privity with, the non-resident defendant. This is not the test of the applicability of the statute. The sole test is whether the cause of action arises out of the conduct of the business of the non-resident. The statute draws no distinction between tort actions and actions in contract. Any one injured as a result of the operation of the business may, it seems to me, have the benefit of the statute. I think it would scarcely be doubted that a pedestrian

injured by a milk truck operated for a non-resident could properly contend that his injuries arose out of the operation of the milk business.

The sole remaining question is whether " a copy of such summons and complaint together with a notice of such service " was given to the " person in charge of such business " within the State of New York, as required by section 229-b of the Civil Practice Act. The summons, complaint and notice were served upon one Benkiser, the vice-president of Louis Schrag, Inc., a real estate corporation which manages the building where the alleged accident occurred and various other buildings owned by the defendants. The corporation of which Mr. Benkiser is an officer is in charge of the business of the defendants within the State within the meaning of the statute. Service upon an officer of that corporation is adequate service upon the defendants.

The motion to vacate the service is denied.