Louis G. Bruhn, J.
This is a motion on behalf of counsel appearing specially for the defendant Rose Bronstein in both her individual and representative capacity as executrix of her husband for an order setting aside the service of the summons and complaint on the grounds that it was void service.
It appears that the deceased plaintiff died on June 6, 1960 and the purported service herein occurred on June 2, 1962.
Under those circumstances unless effective service has been completed the resident plaintiff’s action will itself suffer a demise. (Decedent Estate I jaw, § 130.)
Curiously, the only affidavits in support of the motion are affidavits of the attorneys and none from the defendant Rose Bronstein herself.
*1042 The service in question was actually made upon Morris Brown-stein, who, according to the affidavit of attorney Murphy previously had been granted a power of attorney executed by the decedent Max Bronstein in 1949.
While, obviously, such power, so far as Brownstein is concerned, terminated with the death of Max Bronstein, its purpose apparently was to designate Brownstein as manager of the rented real estate, the very site of the alleged tort involved in this litigation.
That fact coupled with the present designation, and the present position of management of the concerned real estate by Brown-stein, is surely indicative of an intimate confidential agency relationship between the parties.
The plaintiff seeks to sustain the validity of the service through a certain instrument signed and sworn to before a Notary Public by Bose Bronstein on May 29, 1962 in Arizona.
Such instrument is characterized a “ Designation ” and reads as follows: “ i, rose brohsteih, residing at 1246 East Cambridge Avenue in the City of Phoenix, Arizona, no hereby appoint, authorize, empower and designate Morris Brownstein, residing at No. 39 Milner Avenue in the City of Albany, New York, as my lawful agent upon whom service of any legal process may be made in the State of New York in like manner and with like effect as if the same were served personally upon me whenever I cannot be found and served within the jurisdiction of the State of New York.”
It is difficult to envision language any stronger being utilized by a party to indicate an intent to designate a named individual as an agent to accept service of process of any kind on her behalf and particularly process on her behalf in this very action.
Such latter conclusion is further amplified by a consideration of the very short time which expired between the execution of the “ Designation ” and the date of the service herein.
Defense counsel now argues that the service in question is void because there was no compliance with section 225 of the Civil Practice Act; that section 227 thereof has no application to nonresidents and even if it were assumed Bose Bronstein were a resident within the meaning of section 227 there has been insufficient compliance with its provisions.
This court agrees that section 227 has not been complied with but is of the opinion that its provisions have no application to the instant case in view of the conceded nonresidence of Rose Bronstein. (Rosenthal v. United Transp. Co., 196 App. Div. 540.)
*1043 The question, stripped of the confusion arising from the consideration of section 227 in the first place, is simply whether or not a nonresident may designate an agent to receive service of process and what form such designation may take.
In the first place, even a resident is not limited to section 227 as a vehicle for designation of such an agent.
Undoubtedly, a resident as well as a nonresident could adopt the statutory short form of general power of attorney as a vehicle to designate an agent to receive process. (General Business Law, § 220; § 229, subd. [6].)
Even that method is not an exclusive one since section 220 of the General Business Law provides, in part: “ No provision of this article shall be construed to bar the use of any other or different form of power of attorney desired by the parties concerned.” (Italics supplied.)
Since Brownstein apparently was the ‘ ‘ person, who at the time of service was in charge ’ ’ of the rented property of the defendants located in Albany, New York, it is well to note that service upon him followed by compliance with section 229-b of the Civil Practice Act would have been valid service. (Miller v. Swann, 176 Misc. 607; Bauman v. Tenger, 108 N. Y. S. 2d 696.)
Since such service under those circumstances would have been valid without any designation, formal or otherwise, it seems incongruous to suggest that a written designation, however informal, whether filed or unfiled, is insufficient to effect the same jurisdictional result.
Since in this case the nonresident defendant herself selected the manner and method of the designation of an agent to accept service in clear and unmistakable language and since there is no indication of the agent’s nonacceptance she should not now be heard to complain that service has not been properly effected especially since it conformed to the very method she chose.
Therefore, for the reasons stated, the motion is denied, without costs, and with a continuation of the stay of 20 days following the service of the order to be entered herein with notice of the entry thereof.