157 So.2d 203 (1963)
SUSAN DELORES JAMES, A MINOR, BY HER FATHER AND NEXT FRIEND, BENJAMIN T. JAMES, AND BENJAMIN T. JAMES, INDIVIDUALLY, APPELLANTS,
v.
JOSEPH KUSH, APPELLEE.
No. 3998.
District Court of Appeal of Florida, Second District.
October 30, 1963.
*204 Mike Krasny, of Kelley, Stroud & Krasny, Eau Gallie, for appellants.
Monroe E. McDonald of Sanders, McEwan, Schwarz & Mims, Orlando, for appellee.
SMITH, Chief Judge.
The appellants were plaintiffs in an action at law seeking damages against the defendant-appellee. The complaint alleged that the minor plaintiff was injured when a limb fell from a dead tree located upon the property owned by the defendant. The limb fell on the minor plaintiff while she was on property adjoining that of the defendant. The plaintiffs secured service of process upon the defendant property owner, a non-resident, pursuant to § 47.16(1), Florida Statutes, F.S.A. The defendant filed his motion to quash the service of process, which motion was supported by an affidavit of the defendant. The plaintiffs filed opposing affidavits and a deposition. After hearing, the court quashed the service of process, and the plaintiffs filed their interloctuory appeal pursuant to the provisions of Florida Appellate Rule 4.2, 31 F.S.A., which permits an interlocutory appeal from such an order. We affirm.
The facts concerning the right to service of process under § 47.16(1) are not in material controversy. For many years, the defendant was the owner of certain real property in Florida. On this property and near the boundary line, there was a row of Australian pine trees which had died. In August of 1959, the defendant, acting through a real estate broker in Florida, rented the property for a period of one year with an option to purchase. The option expired, and the tenants vacated the property. The real estate broker terminated his relationship with the defendant property owner. The buildings on the property had deteriorated to the extent that the municipal authorities requested the property owner to destroy and remove them. Thereupon, the defendant contacted a friend living in the vicinity of the property and authorized him to arrange for the destruction of the buildings. An agreement was made whereby the city fire department would demolish the buildings, and the defendant agreed to and did make a donation to the fire department. The demolition project extended over a period of weeks, and during this time the defendant's friend occasionally visited the site. Prior to the completion of the destruction of the buildings, the minor plaintiff was injured. The record does not show any connection between the destruction of the building and the falling of the tree limb which injured the minor plaintiff.
The primary question presented by this interlocutory appeal is whether or not the foregoing facts are sufficient to establish that the non-resident defendant "operated, conducted, engaged in or carried on a business or business venture in this state" within the meaning of § 47.16(1). An affirmative answer to that question requires consideration of the secondary issue: whether or not the cause of action herein "arose out of any transaction or operation *205 connected with or incidental to such business or business venture."
The question as to whether a non-resident is "doing business" or "engaged in a business venture" in this state must be determined from the facts in each case, bearing in mind the broad principle that the statute should be strictly construed. Wm. E. Strasser Construction Corp. v. Linn, Fla. 1957, 97 So.2d 458. It has been held that the original purchase of a citrus grove and the subsequent listing of it for sale amounts to engaging in a business venture, and that a suit for a real estate broker's commission on such sale was a cause of action connected with the business venture, so that substituted service of process under § 47.16 was authorized. State ex rel. Weber v. Register, Fla. 1953, 67 So.2d 619. However, the isolated sale of a home by one who then moves to another state has been said not to amount to a business venture, and service of process under the statute was held to be unauthorized. Hayes v. Greenwald, Fla.App. 1963, 149 So.2d 586. In other jurisdictions, it has been held that the renting of a building through the services of a rental agent was "doing business" in that state. Miller v. Swann, 1941, 176 Misc. 607, 28 N.Y.S.2d 247; Armi v. Huckabee, Ala. 1957, 266 Ala. 91, 94 So.2d 380.
Even if it could be said that the defendant was engaged in a "business venture" in Florida by virtue of his having rented the property for one year through the real estate broker, it would necessarily follow that the "business venture" in which he was engaged was the renting of real property. This "business venture" had terminated prior to the accrual of the instant cause of action; furthermore, the cause of action did not "arise out of any transaction or operation connected with or incidental to" the renting of the property. After the termination of the defendant's "business venture," if one did in fact exist, the status of the defendant was merely that of a non-resident owning real property in Florida who was complying with a directive of the municipal authorities with respect to the maintenance of his property. The mere ownership and maintenance of real property does not constitute a "business" or "business venture" within the meaning of § 47.16(1), Florida Statutes, F.S.A. The decisions of other jurisdictions permitting substituted service of process upon non-resident property owners cannot be applied here because these jurisdictions have special statutes authorizing such procedure. For example, see Murphy v. Indovina, 1956, 384 Pa. 26, 119 A.2d 258. The question as to whether or not Florida's statute should be extended to apply to non-resident owners of real property in the state is a proper subject for legislative determination. The existing statute does not authorize such service.
Affirmed.
ALLEN and WHITE, JJ., concur.