338 So.2d 561 (1976)
George W.R. ESBERGER, Appellant,
v.
FIRST FLORIDA BUSINESS CONSULTANTS, INC., a Florida Corporation, Appellee.
No. 76-1035.
District Court of Appeal of Florida, Second District.
October 22, 1976.
*562 Larry B. Roberts and L. Scott Rawnsley, Seminole, for appellant.
Seymour A. Gordon, of Gay & Gordon, St. Petersburg, for appellee.
BOARDMAN, Acting Chief Judge.
Appellee/plaintiff filed a complaint based on a contract to sell a business located in Florida. He attempted to serve appellant/defendant, who was residing in California at that time, under Sections 48.161 and 48.181, Florida Statutes. Appellant filed a motion to quash asserting therein insufficiency of process and insufficiency of service of process and to abate for lack of jurisdiction over the person. After a hearing, the trial court denied said motion. Appellant claims that the court erred in that ruling. We agree.
It is well established that Florida's long-arm statute is to be strictly construed. Lyster v. Round, 276 So.2d 186 (Fla. 1st DCA 1973); Wm. E. Strasser Const. Corp. v. Linn, 97 So.2d 458 (Fla. 1957). To perfect service pursuant to Sections 48.161 and 48.181, Florida Statutes, the complaint must allege the jurisdictional requirements prescribed by the statute. Henschel-Steinau Co. v. Harry Schorr, Inc., 302 So.2d 198 (Fla. 4th DCA 1974). The plaintiff is required to allege that the cause of action arises from business activities conducted in the state and that the defendant is either a resident of a foreign state or country, a resident of Florida who subsequently becomes a nonresident, or a resident of Florida who conceals his whereabouts. See O'Connell v. Loach, 203 So.2d 350 (Fla. 2d DCA 1967), Section 48.181, Florida Statutes. The complaint filed by appellee is silent as to the residence of appellant and does not adequately allege that the cause of action arose from business activities conducted within this state.
Accordingly, the order on appeal is
REVERSED.
GRIMES and SCHEB, JJ., concur.