343 So.2d 97 (1977)
JOYCE BROS. STORAGE & VAN COMPANY, Appellant,
v.
John PIECHALAK and Frances Piechalak, His Wife, Appellees.
No. 76-1576.
District Court of Appeal of Florida, Third District.
March 8, 1977.
*98 Horton, Perse & Ginsberg, Hawkesworth, Schmick, Ponzoli & Wassenberg, Miami, for appellant.
Andrew W. Horn, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
HENDRY, Chief Judge.
This is an interlocutory appeal seeking review of an order of the trial court denying appellant's motion to dismiss appellees' complaint for lack of jurisdiction over the person.
Appellees, plaintiffs below, entered into a contract with appellant, one of four defendants below, as booking agent for Allied Van Lines, Inc., to have their goods shipped from Chicago, Illinois, to Dade County, Florida. Sometime after the goods were delivered to a warehouse in Dade County, and while still in Allied's van awaiting delivery, a fire occurred in said warehouse, destroying appellees' property. Once notified of the loss, appellees sought reimbursement from appellant and the other defendants, not parties to this appeal.
Upon reading the aforementioned contract, however, appellees realized that the value of their goods had been grossly underestimated by appellant. Correspondence was to no avail as appellant denied any excess liability over the amount stated in the contract. Appellees thereupon filed suit, alleging that appellant willfully and consciously misstated the value of appellees' goods without first consulting appellees as to the correct value of said property, as required by the terms of the contract, resulting in noncompensable damages. In addition, appellees alleged that said misstatement was made by appellant in a conspiratorial effort with Allied to limit their liability in the event appellees' goods were destroyed.
Appellees caused summons and complaint to be served on appellant, by having the sheriff of Cook County, Illinois, serve same on the resident agent of appellant at his place of business in Chicago, pursuant to Sections 48.193 and 48.194, Florida Statutes (1975). Appellant, by way of motion to dismiss, argued that it had no contact with the State of Florida and was therefore not subject to the jurisdiction of its courts. The motion was denied and this appeal follows.
Appellant contends that the court erred in denying its motion to dismiss for lack of jurisdiction over the person in that appellees have failed to allege any facts which would subject appellant to the jurisdiction of Florida courts, pursuant to Section 48.193, Florida Statute (1975), the long-arm statute. We agree.
In order to invoke the aid of the long-arm statute, a party must allege in his complaint all requisite jurisdictional facts which have a bearing on the applicability of said statute. Henschel-Steinau Company v. Harry Schorr, Inc., 302 So.2d 198 (Fla. 4th DCA 1974).
In the case at bar, appellees have failed to allege a cause of action against appellant arising from any acts or omissions enumerated within the text of Section 48.193. Such an allegation is a prerequisite to the availability of long-arm jurisdiction and insures the due process requirement of "minimum contacts." See Section 48.193(3), Florida Statutes (1975) and Dublin Company v. Peninsular Supply Company, 309 So.2d 207 (Fla. 4th DCA 1975).
Accepting appellees' allegations as true, the facts would reveal that (1) appellant and appellee executed a contract in the State of Illinois, (2) and thereafter breached and/or conspired to breach said contract in the State of Illinois, (3) resulting in damages to appellees in the State of Florida. It is uncontradicted that appellant neither maintained a resident agent or business office within this state, nor conducted business activities here or solicited same. With that in mind, we are of the opinion that appellant did not have the requisite contacts with the State of Florida, as provided by our statute, and was thus beyond our jurisdiction. See Lewis v. Cues, Inc., 338 So.2d 241 (Fla. 4th DCA 1976) and Section 48.193(1)(f)1., Florida Statutes (1975).
*99 Accordingly, the order denying appellant's motion to dismiss is reversed and the cause is hereby remanded for further proceedings consistent herewith.
Reversed and remanded.