343 So.2d 936 (1977)
CHASE MANHATTAN BANK, N.A., et al., Appellants,
v.
BANCO DEL ATLANTICO, F.A., Appellees.
No. 76-1751.
District Court of Appeal of Florida, Third District.
March 15, 1977.
Rehearing Denied April 13, 1977.
Martin P. Shachat, Miami Beach, Nat Gursten, Shutts & Bowen, Miami, for appellants.
Norman K. Schwarz and Michael Schiffrin, Miami Beach, for appellees.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
*937 HUBBART, Judge.
This case is a suit to recover on certain alleged dishonored drafts drawn on a line of credit issued by a national bank. The trial court refused to quash service of process on the defendant bank. The bank takes this interlocutory appeal.
The issue presented for review is whether substituted service of process made on a national bank as a foreign corporation under Florida's long-arm statute [Section 48.181(1), Florida Statutes (1975)] should be quashed where the complaint fails to allege any facts tending to show that (1) the national bank was doing business or conducting a business venture in Florida, and (2) the cause of action sued upon arose out of a transaction connected with or incidental to such business or business venture. We hold that substituted service of process must be quashed under such circumstances and reverse.
The plaintiff-appellee [Banco Del Atlantico] brought suit against the defendant-appellant [Chase Manhattan Bank] and alleged that Chase Manhattan as a national bank organized under the laws of the United States issued a letter of credit in which the plaintiff was the beneficiary and thereafter dishonored a series of drafts drawn thereon. The complaint fails to allege that Chase Manhattan committed any of these acts in Florida while doing business or conducting a business venture in Florida.
Chase Manhattan moved to quash the substituted service of process made upon it for failure to comply with Section 48.181(1), Florida Statutes (1975). Chase Manhattan filed an affidavit signed by one of its vice presidents stating that it was a national banking association chartered under the laws of the United States, that its principal office was in New York City, and that it had no offices, branches, employees or records in Florida. The plaintiff filed no affidavits or other sworn proof. The trial court denied the motion to quash.
Section 48.181(1), Florida Statutes (1975), provides for substituted service of process on a foreign corporation who carries on a business or business venture in this state for "any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture." Statutes of this nature are strictly construed and parties seeking to invoke them are required to bring themselves clearly within the provisions of the statute in order to render the substituted service of process effective against the defendant. Wm. E. Strasser Construction Corp. v. Linn, 97 So.2d 458 (Fla. 1957); Lyster v. Round, 276 So.2d 186 (Fla. 1st DCA 1973). Among other things, it is the plaintiff's burden to plead sufficient facts to justify the application of the statute in order to withstand a legal challenge to such service; failure to do so constitutes grounds for dismissal of the complaint or quashal of the service of process. Elmex Corp. v. Atlantic Federal Savings and Loan Assn. of Ft. Lauderdale, 325 So.2d 58 (Fla. 4th DCA 1976); Nichols v. Seabreeze Properties, Inc., 302 So.2d 139 (Fla. 3d DCA 1974); O'Connell v. Loach, 194 So.2d 700 (Fla. 2d DCA 1967); Lake Erie Chemical Co. v. Stinson, 162 So.2d 545 (Fla. 2d DCA 1964). See also James v. Kush, 157 So.2d 203 (Fla. 2d DCA 1963).
In the instant case, the plaintiff's complaint falls woefully short of invoking Section 48.181(1), Florida Statutes (1975), sufficient to withstand a motion to quash the substituted service of process. The complaint does not allege that the cause of action arose from a business or business venture of the defendant in Florida. It does not even allege that the cause of action arose in Florida. Indeed, plaintiff's counsel in oral argument before the court stated that he had no knowledge where the cause of action arose. It is therefore clear that the substituted service of process on Chase Manhattan should have been quashed in this case.
Chase Manhattan further urges that the venue is improperly laid in this case under 12 U.S.C. § 94. See National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc., 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976); Exchange *938 National Bank of Chicago v. Rotocast Plastics Products, Inc., 341 So.2d 787 (Fla. 3d DCA 1977) (Opinion filed Jan. 11, 1977). We do not pass upon this contention because the issue is not properly before us. The record does not reflect that Chase Manhattan ever made a motion to dismiss the complaint on the ground of improper venue. The issue is therefore not preserved for appellate review.
The order appealed from is reversed with directions to quash the service of process made upon Chase Manhattan Bank.
Reversed and remanded.