347 So.2d 779 (1977)
Palmer Johnson YACHTS, a Wisconsin Corporation, Appellant,
v.
RAY RICHARD, INC., d/b/a Gulfstream Yacht Brokers, a Florida Corporation, Appellee.
No. 77-517.
District Court of Appeal of Florida, Third District.
June 21, 1977.
Rehearing Denied July 18, 1977.
Hall & Swann and Richard H.M. Swann, Coral Gables, for appellant.
Mahoney, Hadlow & Adams and Donald W. Wallis, Jacksonville, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PEARSON, Judge.
This interlocutory appeal is by the defendant Palmer Johnson Yachts, a Wisconsin corporation, from an order denying its Motion to Quash Service of Process. The plaintiff states that service of process upon the Wisconsin corporation was attempted by the plaintiff pursuant to Sections 48.181 and 48.193, Florida Statutes (1975). We reverse upon a holding that the complaint and the evidentiary matters before the court at the time of the denial of defendant's motion are not sufficient to establish that the defendant was amenable to service under the statutes and that the record submitted does not show compliance with the statutes.[1]
*780 A party's amenability to the jurisdiction of the court may be reached by a motion to quash for insufficiency of process or insufficiency of service of process. Elmex Corporation v. Atlantic Federal Savings & Loan Ass'n., 325 So.2d 58, 61 (Fla. 4th DCA 1976). The motion to quash filed by the defendant set forth two grounds: (1) "The complaint served on defendant in Wisconsin fails to allege facts as required to subject it to the jurisdiction of this court ..." (2) "... defendant is not subject to the jurisdiction of this court ..." An extensive affidavit of an officer of the defendant corporation denied contact with the State of Florida and, in particular, doing business with the plaintiff in this state.
Defendant's first ground is clearly supported by the record. The complaint simply states: "Defendant PALMER-JOHNSON, is a Wisconsin corporation doing business in the State of Florida." Thereafter, plaintiff seeks recovery upon an oral contract to pay the commission for the sale of a yacht. It was alleged that the yacht was ultimately sold in Wisconsin to a purchaser produced by the plaintiff.
In the definitive opinion of Elmex Corporation v. Atlantic Federal Savings & Loan Ass'n., 325 So.2d 58, 61 (Fla. 4th DCA 1976), that court pointed out that "It is plaintiff's burden to `plead' (present) facts which clearly justify as a matter of law the applicability of the substituted service statutes in order to meet a challenge to such service." See also Chase Manhattan Bank v. Banco Del Atlantico, 343 So.2d 936 (Fla. 3d DCA 1977). Further, it is necessary that the jurisdictional basis for service upon a non-resident defendant be alleged in the complaint. See Joyce Bros. Storage & Van Company v. Piechalak, 343 So.2d 97 (Fla. 3d DCA 1977); and Lopez v. La Fuente, 343 So.2d 930 (Fla. 3d DCA 1977). The motion to quash service of process should have been granted upon ground (1).
We note also that the record does not contain an affidavit of the officer who made service in Wisconsin. This affidavit is a jurisdictional requisite for substituted service pursuant to Section 48.193(2), Florida Statutes (1975). See Section 48.194, Florida Statutes (1975).
The order appealed is reversed with directions to grant the motion to quash.
Reversed.
NOTES
[1] The briefs of the parties indicate that an evidentiary hearing was had but the court's order does not mention a hearing other than argument of counsel. No record of an evidentiary hearing is included in the record submitted.