354 So.2d 964 (1978)
Yinto BEJAR and State Farm Mutual Automobile Insurance Company, Appellants,
v.
Zenaida GARCIA, Appellee.
No. 77-1283.
District Court of Appeal of Florida, Third District.
February 7, 1978.
*965 Talburt, Kubicki & Bradley and Betsy E. Hartley, Miami, for appellants.
Richard B. Burke, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
By this interlocutory appeal, we are asked to review an order denying the defendant Yinto Bejar's motion to quash service of process upon him as a non-resident of Florida in an action filed before the Dade County Circuit Court. The plaintiff Zenaida Garcia alleged in her complaint that she was injured in an automobile accident when her motor vehicle collided with a vehicle driven by the defendant Bejar in Dade County, Florida, The defendant Bejar joined by his insurer State Farm Mutual Automobile Insurance Company contends on appeal that the purported service upon him as a non-resident was defective under Sections 48.161, 48.171, Florida Statutes (1975). We agree.
The plaintiff Garcia did not make a proper showing that she sent as required by law a notice of service and a copy of the process to the defendant Bejar by registered or certified mail as evidenced by the defendant's return receipt. Leviten v. Gaunt, 347 So.2d 452 (Fla. 3d DCA 1977); Zarcone v. Lesser, 190 So.2d 805 (Fla. 3d DCA 1966); Lendsay v. Cotton, 123 So.2d 745 (Fla. 3d DCA 1960). Moreover, the plaintiff Garcia also failed to allege in her complaint as required by law that the defendant Bejar as the driver of one of the automobiles involved in the accident was a non-resident of Florida sufficient to invoke personal jurisdiction over said defendant. See Palmer Johnson Yachts v. Ray Richard, Inc., 347 So.2d 779 (Fla. 3d DCA 1977); Joyce Bros. Storage and Van Co. v. Piechalak, 343 So.2d 97 (Fla. 3d DCA 1977); Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976). Both of the above deficiencies are fatal to the purported service of process in this cause. The order under review is accordingly reversed.
Reversed.