364 So.2d 855 (1978)
P.S.R. ASSOCIATES, a Limited Partnership, Appellant,
v.
ARTCRAFT-HEALTH, a Division of W. Heath & Company, Inc., a Corporation, Appellee.
No. 78-550.
District Court of Appeal of Florida, Second District.
November 29, 1978.
*856 Lynwood F. Arnold, Jr. of Albritton, Sessums & Didio, Tampa, for appellant.
Howard P. Ross of Battaglia, Ross, Stolba & Forlizzo, St. Petersburg, for appellee.
OTT, Judge.
The plaintiff/appellee  a Florida corporation  was owed money by the defendant/appellant  a nonresident partnership. Appellee filed suit in a Florida court alleging that appellant was doing business in this state and/or had breached a contract in this state. Service was attempted under one of the statutory options of service upon a nonresident. Appellant initially attacked  unsuccessfully  the jurisdiction of the trial court by motions to quash and dismiss and again  also unsuccessfully  at the conclusion of the appellee's case by motion for directed verdict. We find merit in appellant's attack on jurisdiction for the reasons hereafter stated.
Much attention has been given by the parties to the sufficiency of "minimum contacts" within the State of Florida by the appellant to establish it was "doing business" within the contemplation of Section 48.181(1)[1] or 48.193(1)(a),[2] Florida Statutes; *857 also as to whether or not the failure of payment constituted a breach of contract within the purview of 48.193(1)(g), Florida Statutes. [See Note 2, supra.]
As stated by this court in several recent decisions[3] the plaintiff must allege one or more of the grounds of long arm jurisdiction of a nonresident before he may proceed with one of the statutory methods of service. Upon proper controversion of this assertion  or prima facie showing  a question of fact is presented which the trial court must resolve. As in all such factual determinations the conclusion of the trial court must be supported by competent substantial evidence.
Since we reverse on other grounds we find it unnecessary to decide whether or not the prerequisites of "long arm jurisdiction" of a nonresident have been established by competent substantial evidence. On remand this will, of necessity, again be addressed by the trial court.
It should also be noted that this is not a case involving constructive service of process under Chapter 49, Florida Statutes.
The complaint alleges one or more of the grounds for long arm jurisdiction of the appellant under either Section 48.181 or 48.193. At this point  particularly upon appropriate attack  the trial court must turn to the record for determination of whether service has been perfected as required by law.
The record establishes (in fact, the appellee concedes) that there was neither an affidavit of compliance by plaintiff or his attorney as required by Section 48.161[4] (including a return receipt of certified or registered mailing) nor was there an appropriate officer's return showing service as alternatively authorized by Section 48.161 or as singularly required by Section 48.194. The record only shows that service of process was duly made and evidenced on the Secretary of State.
Jurisdiction of the Florida courts over a nonresident "doing business" in this state is authorized by either Sections 48.181(1) or 48.193(1)(a).
If the plaintiff chooses substituted service on the Secretary of State under Section 48.181(1), then perfection of such substituted service requires full compliance with one of the alternative methods provided by Section 48.161. Section 48.161 requires such substituted service be perfected and evidenced by either: (1) registered or certified mailing to the nonresident of both a notice of such substituted service and a copy of the process, evidenced by the filing of the nonresident's return receipt and an affidavit of compliance by plaintiff or his attorney; or, (2) an appropriate officer's return showing service on the nonresident *858 within or without this state. Alternatively, the plaintiff may elect (in lieu of substituted service on the Secretary of State) to proceed by the perfection of personal service on the nonresident defendant and the proof thereof by the appropriate officer's return, all as authorized in 48.193(2) and detailed in 48.194.[5]
If jurisdiction of a nonresident is asserted under the provisions of 48.193(1)(g) [breach of a contract within this state] the perfection can only be accomplished by proceeding with personal service upon such nonresident pursuant to Section 48.194.
Since neither of the statutory methods was completed or complied with in this case, jurisdiction over appellant was not perfected and, therefore, not secured. See Atlas Van Lines, Inc. v. Rossmoore, 271 So.2d 31 (Fla.2d DCA 1972); Golconda Corp. v. Newton, 336 So.2d 433 (Fla.1st DCA 1976).
This decision is without prejudice to the right of the appellant to controvert and retry the grounds for long arm jurisdiction alleged in the appellee's complaint once service of process is properly perfected.
The lower court erred in denying appellant's motions to dismiss and quash service of process. The final judgment is therefore set aside and the cause remanded for further proceedings consistent herewith.
HOBSON, Acting C.J., and DANAHY, J., concur.
NOTES
[1] 48.181 Service on nonresident engaging in business in state.

(1) The acceptance by any person or persons, individually, or associated together ... who are residents of any other state ... of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state ... constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process ... may be served.
[2] 48.193 Acts subjecting persons to jurisdiction of courts of state.

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
(a) Operates, conducts, engages in, or carries on a business or business venture in this state... .
(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state.
(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in § 48.194... .
[3] See, e.g., Drake v. Scharlau, 353 So.2d 961 (Fla.2d DCA 1978); Hartman Agency, Inc. v. Indiana Farmers Mutual Insurance Company, 353 So.2d 665 (Fla.2d DCA 1978); Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla.2d DCA 1976).
[4] 48.161 Method of substituted service on nonresident.

(1) When authorized by law, substituted service of process on a nonresident ... by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $5.00 with the public officer or in his office or by mailing the copies by certified mail to the public officer with the fee... . Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his attorney of compliance shall be filed on or before the return day of the process ... or the notice and copy shall be served on the defendant, if found within the state, by an officer authorized to serve legal process, or if found without the state, by a sheriff or a deputy sheriff of any county of this state or any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found. The officer's return showing service shall be filed on or before the return day of the process... .
[5] Section 48.194  Personal Service Outside State.

Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served... . An affidavit of the officer shall be filed, stating the time, manner, and place of service.