KEHOE, Judge.
Appellants, defendants below, bring these consolidated appeals from an order, as amended, entered by the trial court denying their motion to dismiss for insufficiency of service of process and lack of personal jurisdiction. We reverse.
In May of 1978, appellee filed suit against appellants alleging that the individuals owned and operated a vehicle which was insured by appellee GEICO. Appellee further alleged that appellant Mitchell Cress had negligently operated the vehicle causing it to collide with her car, resulting in severe physical injuries to herself. Service was obtained on only appellant Tommie Lee Burton who was served by substituted service through the Florida Secretary of State pursuant to Section 48.171, Florida Statutes (1977). Subsequently, appellants’ motion to dismiss for insufficiency of service of process and lack of personal jurisdiction was denied by the trial court in the order appealed. In our opinion this constituted reversible error because the record reflects that, at the time the order was entered, there was insufficient evidence before the trial court to establish the ground that the party served by substituted service was secreting himself. See Bird v. International Graphics, 362 So.2d 316 (Fla. 3d DCA 1978); Bejar v. Garcia, 354 So.2d 964 (Fla. 3d DCA 1978); and § 48.171, Fla.Stat. *545 (1977). Accordingly, the order appealed is reversed.
Reversed.