372 So.2d 994 (1979)
BRADFORD WHITE CORP., a Michigan Corporation, Appellant,
v.
AETNA INSURANCE COMPANY, Appellee.
No. 79-9.
District Court of Appeal of Florida, Third District.
July 10, 1979.
*995 Ress, Gomez, Rosenberg & Howland and David R. Howland, North Miami, for appellant.
Underwood, Gillis, Karcher, Reinert & Valle and David P. Karcher, Miami, for appellee.
Before BARKDULL, HUBBART and SCHWARTZ, JJ.
PER CURIAM.
By this appeal, we are asked to review a non-final order denying a motion to dismiss a complaint for lack of jurisdiction over the person of the defendant Bradford White Corp. We have jurisdiction to entertain this appeal. Fla.R.App.P. 9.130(a)(3)(C)(i).
We must reverse the order appealed from upon a holding that the plaintiff's complaint fails to allege sufficient facts that the defendant Bradford White Corp. as a corporate non-resident of Florida was doing business in Florida and that the cause of action sued upon arose out of such business. As such, the substituted service of process accomplished in this case on the Florida Secretary of State under Section 48.181(1), Florida Statutes (1977), as the method of serving said defendant must fall and the complaint herein is subject to dismissal with leave to amend. Chase Manhattan Bank v. Banco Del Atlantico, 343 So.2d 936 (Fla. 3d DCA 1977); Lopez v. La Fuente, 343 So.2d 930 (Fla. 3d DCA 1977); Joyce Bros. Storage & Van Co. v. Piechalak, 343 So.2d 97 (Fla. 3d DCA 1977).
This result is not changed by the fact that the complaint herein alleges a breach of contract committed by the said defendant in Florida. Under Section 48.193(1)(g)(2), Florida Statutes (1977), service on the defendant herein would only have been good, based on such breach of contract, if the said defendant, unlike this case, had been personally served out of the state pursuant to Section 48.194, Florida Statutes (1977). P.S.R. Assoc. v. Artcraft-Heath, 364 So.2d 855, 858 (Fla. 2d DCA 1978).
The order appealed from is reversed and the cause remanded to the trial court with directions to dismiss the plaintiff's complaint herein with leave to amend.