375 So.2d 601 (1979)
CARIBE & PANAMA INVESTMENTS, S.A., Appellant,
v.
Lauge CHRISTENSEN, Appellee.
No. 79-357.
District Court of Appeal of Florida, Third District.
October 2, 1979.
*602 Salley, Barns & Pajon and George H. Salley, Miami, for appellant.
Mahoney, Hadlow & Adams and Harley S. Tropin, Miami, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
We have jurisdiction pursuant to Fla.R.App.P. 9.130 to review a non-final order denying the motion of the appellant (defendant below) to quash service of process and to dismiss this action for lack of personal jurisdiction over it, a non-resident defendant. We hold that a non-resident foreign corporation, not licensed to do business in this state nor engaging in business in this state, is not subject to the jurisdiction of the courts of this state merely because the president of that corporation happens to be in Florida and is the object of service of process.
The pertinent facts, gleaned from the sparse record presented to us, reveal that the plaintiff, Christensen, filed this action in the Circuit Court alleging that the defendant corporation breached the terms of a promissory note leaving an unpaid balance due him of $900,000. The note had been executed in Miami and provided for the payment of $1,000,000 plus interest. By its own terms the note was payable at Miami, Florida.
The defendant was not registered in Florida as either a domestic or foreign corporation. It was incorporated under the laws of Panama.
Plaintiff sought to serve the defendant by personally serving the defendant's president at his home in Dade County, Florida. The defendant moved to quash service and dismiss the cause on the ground that personal service of process on its president was insufficient to give the court below jurisdiction over a non-resident foreign corporation which conducted no business in this state. In support of the motion, the defendant included an affidavit from its president which asserted that the corporation maintains no offices in Florida, owns no property nor conducts any business operations in this state, and has no officers or employees performing any duties in Florida. The circuit court denied the motion to quash service and dismiss. This denial was error and we reverse.
It is not apparent from the record under what authority the plaintiff sought to bring the defendant under the jurisdiction of the circuit court. We are referred to several statutes allegedly authorizing service of process over a non-resident foreign corporation in this instance. In our opinion, plaintiff's attempted service was defective under these circumstances and the court below did not acquire jurisdiction over the defendant.
Plaintiff's reliance upon Sections 48.081[1] and 48.181(1)[2] is misplaced, since *603 the purported service of process failed to comply with the requirements of these statutes. We have recently reaffirmed the established law that a plaintiff must allege sufficient facts that the non-resident defendant was doing business in Florida and that the cause of action sued upon arose out of such business before jurisdiction attaches under Section 48.181(1). Bradford White Corp. v. Aetna Insurance Company, 372 So.2d 994 (Fla. 3d DCA 1979). See also Youngblood v. Citrus Associates of the New York Cotton Exchange, 276 So.2d 505 (Fla. 4th DCA 1973), cert. denied, 285 So.2d 26 (Fla. 1973); Lyster v. Round, 276 So.2d 186 (Fla. 1st DCA 1973), cert. denied, 283 So.2d 105 (Fla. 1973); Goffer v. Weston, 217 So.2d 896 (Fla. 3d DCA 1969). It is clear that the burden is upon the plaintiff to sustain the validity of such service when he seeks to invoke the jurisdiction of the court, Youngblood v. Citrus Associates of the New York Cotton Exchange, supra, and he must plead sufficient facts to justify the application of the statute in order to withstand a legal challenge to such service. Chase Manhattan Bank v. Banco Del Atlantico, 343 So.2d 936 (Fla. 3d DCA 1977).
We concur with the reasoning expressed by our sister court in Youngblood that attempted service upon a non-resident foreign corporation pursuant to Section 48.081(1) by personally serving an officer of that corporation while he was in Florida was insufficient to give the Florida courts in personam jurisdiction where there was no showing that the corporation had been doing business in Florida or that the cause of action arose from the corporation's activities in this state. The court held that the "connexity" requirement for service of process under Section 48.181(1) applied equally as well to Section 48.081(1).
Likewise, in the instant case, there has been no showing that service was properly effected under either Sections 48.081(1) or 48.181(1). The bare allegation in the complaint that the defendant has conducted business in Florida is not sufficient to overcome the defendant's affidavit to the contrary.
Service of process was also defective under Section 48.193, Florida Statutes (1977) (the Florida "long arm" statute) where the plaintiff failed to personally serve the defendant out of state pursuant to Section 48.194. Although Section 48.193(g) authorizes service upon non-residents who breach a contract required to be performed in this state, the exclusive method of service in such case is provided for in Section 48.194.[3]Bradford White Corp. v. Aetna Insurance Company, supra; P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855 (Fla. 2d DCA 1978). Since the plaintiff did not serve the non-resident defendant outside the state by filing an affidavit of the serving officer stating the time, manner and place of service, the court below did not acquire jurisdiction over the defendant under the "long arm" statute.
The order appealed is reversed and the cause is remanded with directions to dismiss the complaint with leave to amend.
Reversed and remanded.
PEARSON, Judge (dissenting).
There appear to be two issues presented here:
*604 (1) Does the complaint allege sufficient facts to sustain service upon the foreign corporation?
(2) Is the method of service, i.e., personal service on the president in Florida, permitted by the Florida Statutes?
With regard to the first issue, I would hold that the complaint alleging breach of a promissory note owed by Caribe to Christensen, which was signed in Miami, Florida, in October of 1972, and which provided for the payment of $1,000,000.00 by Caribe to Christensen in Miami, Florida, was sufficient to effect jurisdiction upon the non-resident corporation under the Long-Arm Statute. See Professional Patient Transportation, Inc. v. Fink, 365 So.2d 209 (Fla. 3d DCA 1978).
With regard to the second issue, I would hold that personal service of process upon the president of the corporation made in Florida is sufficient to give the Florida courts jurisdiction of the foreign corporation. Section 48.194, Florida Statutes (1977), states that "[s]ervice of [p]rocess on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served." It is, therefore, clear that the service upon the president of the foreign corporation in Panama would have been sufficient. I would hold that common sense and the intent of the statute is that service within the State of Florida upon the president of the corporation is just as effective as if it was made in Panama. It will be noted that Section 48.194, Florida Statutes (1977), in speaking of service of process, specifies that it is "[s]ervice of [p]rocess on persons outside of this state." The person in this instance is the corporation and not the president.
I would, therefore, affirm.
NOTES
[1] This statute provides that "[p]rocess against any private corporation, domestic or foreign, may be served: (a) On the president or vice-president, or other head of the corporation ... ."
[2] "The acceptance by any person or persons, individually, or associated together as a copartnership or any other form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons and foreign corporations that the process against them which is so served is of the same validity as if served personally on the persons or foreign corporations."

* * * * * *
There is no allegation in the complaint that the plaintiff attempted substituted service of process upon the defendants as permitted by this statute.
[3] "Service of Process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit or any other competent evidence, in determining whether service has been properly made."