423 So.2d 979 (1982)
FIRESTONE STEEL PRODUCTS COMPANY OF CANADA, Appellant,
v.
Delores Gordon SNELL, As Personal Representative of the Estate of Richard Gordon, Appellee.
No. 82-881.
District Court of Appeal of Florida, Third District.
December 14, 1982.
Rehearing Denied January 12, 1983.
*980 Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellant.
Virgin, Whittle & Garbis and Gary E. Garbis, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
The non-final order under review denying Firestone's motions to quash service of process and dismiss for lack of jurisdiction is reversed upon a holding that the plaintiff failed to allege or prove the prerequisites to securing personal jurisdiction over Firestone under either section 48.181 or section 48.193, Florida Statutes (1981), since (1) the complaint lacks even an allegation that Firestone, a nonresident corporation, `operates, conducts, engages in, or carries on a business or business venture in Florida' and that the action arises therefrom so as to authorize substituted service of process under section 48.181, National League for Nursing v. Bluestone, 388 So.2d 1090 (Fla. 3d DCA 1980); Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla. 2d DCA 1976); Fla.R.Civ.P. 1.070(i); and (2) the complaint likewise fails to provide any basis for jurisdiction under section 48.193 inasmuch as (a) neither the commission of the alleged tortious act [§ 48.193(1)(b)], nor the resulting injury [§ 48.193(1)(f)], occurred within the State of Florida, see Colhoun v. Greyhound Lines, Inc., 265 So.2d 18 (Fla. 1972); April Industries, Inc. v. Levy, 411 So.2d 303 (Fla. 3d DCA 1982), and (b) Firestone was not personally served with process pursuant to section 48.194 as required to confer jurisdiction under section 48.193, Underwood v. University of Kentucky, 390 So.2d 433 (Fla. 3d DCA 1980); Bradford White Corp. v. Aetna Insurance Co., 372 So.2d 994 (Fla. 3d DCA 1979).
Reversed.