471 So.2d 196 (1985)
SIERRA HOLDING, INC., a Florida Corporation, Appellant,
v.
SHARP ELECTRONICS CORP., Appellee.
No. 84-2735.
District Court of Appeal of Florida, Fourth District.
June 19, 1985.
*197 Henry W. Clar, Miami, for appellant.
Thomas A. Truex of Jacobson and Gottlieb, Hollywood, for appellee.
HERSEY, Judge.
While we are inclined to the view that where a corporation is in flagrant violation of section 48.091, Florida Statutes (1983), the requirement of diligent search and inquiry imposed as a condition precedent to constructive service of process should be considerably relaxed, we find no necessity for the application of that view here as diligent search and inquiry was abundantly established.
We are nonetheless compelled to reverse the trial court's denial of an application to quash service of process for two reasons. Appellee failed to give notice of hearing on the motion. This is fatal on due process grounds. See Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981). See also Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979).
Reversal is also required because of appellee's failure to comply with the notice of service of process requirement of section 48.161, Florida Statutes. See Atlas Van Lines, Inc. v. Rossmoore, 271 So.2d 31 (Fla. 2d DCA 1972). See also Bejar v. Garcia, 354 So.2d 964 (Fla. 3d DCA 1978).
On remand appellee will be permitted to perfect service of process, renew its motion and notice the same for hearing in due course.
REVERSED and REMANDED.
GLICKSTEIN and BARKETT, JJ., concur.