GRIMES, Acting Chief Judge.
This is an appeal from a nonfinal order denying appellant’s motion to quash service of process.
Continental Illinois National Bank & Trust Company of Chicago (appellee) filed a complaint for mortgage foreclosure against appellant, a Florida limited partnership, and Newton Associates. Appellee sought to obtain jurisdiction over appellant through substituted service upon appellant’s general partner who resided in Ontario, Canada. Appellee filed an affidavit of compliance asserting that process had *544 been served on the Secretary of State of the State of Florida and that a copy of the complaint and process had been sent to the general partner of appellant. Appellant then moved to quash service of process based on noncompliance with section 48.-181, Florida Statutes (Supp.1984). After a hearing, the trial court denied the motion to quash.
The complaint alleged that appellant is a Florida limited partnership “doing business” in Lee County, Florida. The complaint further alleged that appellant was delinquent in the payment of, certain promissory notes which were secured by appellant’s real property in Lee County. Appellant argues that the complaint is fatally defective for purposes of substituted service because it does not set forth all of the jurisdictional allegations required by section 48.181. We agree.
Section 620.30, Florida Statutes (1983), authorizes substituted service of process on any general partner in a limited partnership pursuant to section 48.181. To meet the jurisdictional requirements of section 48.181, the plaintiff is required to allege that the cause of action arises from business activities conducted in the state and that the defendant is a resident of another state or country, a resident of Florida who subsequently becomes a nonresident, or a resident of Florida who conceals his whereabouts. Esberger v. First Florida Business Consultants, Inc., 338 So.2d 561 (Fla.2d DCA 1976). Nothing in the complaint shows that the mortgage arose out of any business activity conducted in this state. See James v. Kush, 157 So.2d 203 (Fla.2d DCA 1963) (ownership of real estate, without more, does not constitute a “business” or “business venture” within the meaning of the statute). Likewise, the complaint is devoid of any allegation as to the residency of the general partner.
Reversed.
SCHEB and HALL, JJ., concur.