FERGUSON, Judge.
Rodriguez, an attorney, appeals from an order dismissing his complaint against Lev-in for breach of a fiduciary duty. The trial court held that the complaint failed to state a cause of action. We reverse.
In 1980, Rodriguez financed a real estate purchase with a loan from Centrust Bank and secured the loan with a mortgage on the purchased property. Rodriguez later sold the property with an understanding with the new owner that the new owner would make the mortgage payments. When the new owner defaulted, the note was accelerated and mortgage foreclosure proceedings instituted against Rodriguez and his wife as obligors on the note.
A staff attorney for Centrust executed and filed an affidavit for service by publication in which he attested that Rodriguez was not known to be dead or alive, married, remarried, divorced or single, and that he could not be found in the State of Florida for service of process.
On April 30, 1985, the court appointed the appellee, Levin, as guardian ad litem for the appellant Roy Rodriguez and his wife, Gloria. In his complaint Rodriguez alleged that Centrust had in its files all the information necessary to find him locally; that Levin made no attempt to find him and failed to present a defense for him or to file a cross-claim against other defendants; and that Levin acquiesced to a judgment against him and was paid a fee for his services by Centrust.
*1108 Levin, citing Peppard v. Peppard, 198 So.2d 68 (Fla. 3d DCA 1967), contends that there was no intention that he would be a guardian ad litem for someone who is sui juris and that he therefore has no fiduciary obligation since it appears that Rodriguez is sui juris.
“A ‘guardian ad litem’ is one appointed by a court in which particular litigation is pending to represent a ward in that litigation.” § 744.102(2), Fla.Stat. (1987). There is a fiduciary relationship between the guardian and ward. See Centrust Sav. Bank v. Barnett Banks Trust Co., 483 So.2d 867 (Fla. 5th DCA 1986). We hold that there is a legal duty of a guardian ad litem, appointed to represent an absentee mortgagor, to make a diligent effort to find his ward and to determine if he is sui juris, and if the ward is located and found to be competent, to inform him of the pending litigation. Where the ward is not located before the case is submitted to the court for judgment, the guardian ad litem is nevertheless obligated to represent the ward’s interests in good faith.
In determining whether a cause of action is stated, a court is restricted to the well-pleaded allegations, all of which are presumed as true for the purpose of a motion to dismiss. Abrams v. General Ins. Co., 460 So.2d 572 (Fla. 3d DCA 1984); Nottage v. American Express Co., 452 So. 2d 1066 (Fla. 3d DCA 1984). Whether the duties which we recognize here as the duties of a guardian ad litem were breached as is alleged by Rodriguez is an issue to be tested by the evidence.
Reversed and remanded for further proceedings.