635 So.2d 1001 (1994)
PELYCADO ONROEREND GOED B.V., A Foreign Corp, et al., Appellant,
v.
Douglas RUTHENBERG, d/b/a Castle Pools, et al., Appellee.
Nos. 92-1821, 92-1822.
District Court of Appeal of Florida, Fifth District.
April 22, 1994.
*1002 Gregg D. Thomas, Steven L. Brannock, Toni L. Kemmerle, and Karol K. Williams of Holland & Knight, Tampa, for appellants.
James R. Jones, Jr., of Law Offices of Thomas S. Hogan, Jr., Brooksville, for appellees.
THOMPSON, Judge.
The appellants in this case timely appeal an order denying their motion to quash service of process, motion to set aside foreclosure sale, and motion to deny purchaser possession and, granting petitioner's writ of possession and order of disbursement. This order is appealable.[1]
The appellants in this case are two Dutch corporations: Pelycado Onroerend Goed, B.V. ("Pelycado") and Peeters Onroerend Goed, B.V. ("Peeters"). These cases have been consolidated since the appellee, facts and issues are identical. We reverse.
Douglas Ruthenberg ("Ruthenberg"), the appellee in this action, brought a complaint to foreclose a lien because of work that he performed on properties owned by Pelycado and Peeters in Hernando County. The work was approved by appellants' authorized agent, Andres Homes Corporation. Appellants never paid for this work. Pelycado owed Ruthenberg $1,975.20 and Peeters owed Ruthenberg $6,584.00. Ruthenberg filed claims of lien and brought these complaints asking that he recover the money owed him (including interest, attorney's fees and costs), that the court adjudicate he had valid liens and that the court sell the properties at public sale. Ruthenberg filed a notice of lis pendens 15 August 1991 notifying the appellants of his intent to foreclose on their properties. He filed a copy of the process and initial pleadings on the Secretary of State. On 21 October 1991, Ruthenberg filed a motion to appoint an attorney ad litem, guardian ad litem and administrator ad litem and recommended the name of an attorney to be appointed to this position. His motion was granted on 1 November 1991. The attorney filed a response to the initial complaint on 15 November 1991. Ruthenberg moved for summary judgment on 17 December 1991. The court granted the motion for summary judgment on 12 February 1992. The court found that Ruthenberg had a lien against Pelycado's property for $2,881.75 and against Peeters' property for $7,490.75. The properties were sold on 19 March 1992. Pelycado's property was sold to Gary Schraut for $18,200.00 and Peeters' property was sold to I.H. McQuarrie for $9,000. Certificates of title and certificates of disbursement were filed.
On 31 March 1992, Pelycado and Peeters filed a notice of lis pendens to set aside the foreclosure sales. On 1 April 1992, Pelycado and Peeters filed a motion to quash service of process, motion to set aside foreclosure sale and motion to deny purchaser possession.
Appellants alleged that they had not been properly served because they did not do business in Florida, and their agent, a Florida attorney, was not served with process. They also alleged that their attorney was known to Ruthenberg because he had been served with a copy of the claim of lien. The appellants also argued that their addresses could have been obtained either from the deed or from the homeowner association. The argument *1003 continued that they were not attempting to hide themselves from service of process by concealing their addresses. Finally, they argued that because they were not properly served, the trial court had no jurisdiction to enter a summary judgment or order a judicial sale. They petitioned the trial court to set aside the sale because it was obtained by fraud and misrepresentation, and because the judicial sale of the property at such a low price should shock the conscience of the court.[2]
On 13 July 1992, the court entered an order denying the appellants' motion to quash service of process, motion to set aside foreclosure sale and motion to deny purchaser possession and granting plaintiff's writ of possession and order of disbursement. Although several issues have been raised on appeal, the issue of proper service is dispositive.
All parties agree that the appellants were not served individually with process. They all agree that service was attempted pursuant to § 48.161, Florida Statutes (1991) and § 48.181, Florida Statutes (1991). These statutes allow for substitute service on nonresidents of the State of Florida. Section 48.181 is sometimes called the "long arm" statute. Once substitute service is selected, these statutes must be strictly complied with. Parish Mortgage Co. v. Davis, 251 So.2d 342, 343 (Fla. 3rd DCA), cert. denied, 254 So.2d 789 (Fla. 1971). In this case, the statutes were not complied with.
To perfect service on a nonresident defendant, a complaint must allege that the nonresident defendant is engaged in business in the state and that the cause of action arises from these business activities. Esberger v. First Fla. Business Consultants, Inc., 338 So.2d 561, 562 (Fla. 2d DCA 1976). If these jurisdictional allegations are not made, service is not perfected and the trial court lacks jurisdiction over the defendant. Sun State Assocs., Ltd. v. Continental Ill. Nat'l Bank Trust Co. of Chicago, 481 So.2d 543, 544 (Fla. 2d DCA 1986); Caribe & Panama Invs., S.A. v. Christensen, 375 So.2d 601, 603 (Fla. 3d DCA 1979); Palmer Johnson Yachts v. Ray Richard, Inc., 347 So.2d 779, 780 (Fla. 3d DCA 1977). When these allegations are not made, appellate courts have quashed service and vacated the judgment against nonresident defendants. See Firestone Steel Prods. Co. of Canada v. Snell, 423 So.2d 979, 980 (Fla. 3d DCA 1982); Turcotte v. Graves, 374 So.2d 641, 643 (Fla. 4th DCA 1979); Chase Manhattan Bank, N.A. v. Banco del Atlantico, F.A., 343 So.2d 936, 937 (Fla. 3d DCA 1977). Ruthenberg alleged in the complaint that appellants were foreign corporations and that they owned property in Hernando County. He did not allege that they were engaged in business in Hernando County and that the cause of action arose from their business activities. The ownership or maintenance of property does not constitute a business or a business venture in accordance with section 48.161, Florida Statutes (1991). James v. Kush, 157 So.2d 203, 205 (Fla. 2d DCA 1963). Therefore, Ruthenberg did not allege that appellants conducted business activities that gave rise to this cause of action, there was no jurisdiction and substituted service was not perfected.
Even if Ruthenberg had made the correct allegations, he still failed to meet the requirements of section 48.161 for effecting substitute service. Sections 48.161 and 48.181 must be read together for service to be effective. See Atlas Van Lines, Inc. v. Rossmoore, 271 So.2d 31, 32 (Fla. 2d DCA 1972). To be perfected, service must be had under one of the methods in section 48.161. P.S.R. Assocs. v. Artcraft-Heath, 364 So.2d 855, 857-58 (Fla. 2d DCA 1978). To meet the requirements of section 48.161, a notice of the substituted service and a copy of the process must be sent by registered or certified mail to the defendant or the defendant's attorney and the nonresident's delivery receipt from a certified letter and an affidavit of compliance must be filed with the court. Ruthenberg did serve the Secretary of State and filed the notice and summons in the court file, but he did not send a copy by certified or registered mail to either Pelycado, Peeters or their attorney. No return receipt or affidavit of compliance was filed. Since no process server was hired to serve process on appellants, failure to timely file an affidavit of compliance as required for substitute *1004 service on a nonresident defendant warrants quashing the service of process. Gloucester Engineering, Inc. v. Mendoza, 489 So.2d 141, 142 (Fla. 3d DCA 1986); Law Offices of Evan I. Fetterman v. Inter-tel, Inc., 480 So.2d 1382, 1386 (Fla. 4th DCA 1985). Absent strict compliance with the statutes, the trial court had no jurisdiction. Smith v. Import Birds, Inc., 461 So.2d 1026, 1027 (Fla. 4th DCA 1985). Failure to comply with these statutes mandates that service be quashed. Sierra Holding, Inc. v. Sharp Electronics Corp., 471 So.2d 196, 197 (Fla. 4th DCA 1985).
Ruthenberg agrees that there were slight defects in service. He argues, however, that the defects in service resulted from Pelycado and Peeters' failure to register with the Secretary of State. Ruthenberg argues that the appellants are foreign corporations which rent out vacation packages in homes they own in Hernando County. He argues that they are required to register with the Secretary of State and designate a registered agent. Since no agent was appointed, Ruthenberg had to proceed with substitute service pursuant to section 48.181. He argues that strict compliance with alternate service of process proceedings will be excused when the appellant's conduct is the root of the appellee's inability to obtain personal service. Major Appliances, Inc. v. Mt. Vernon Fire Ins. Co., 462 So.2d 561, 562 (Fla. 3d DCA 1985) superceded by stat. on other grounds, Swartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA 1988); Zarcone v. Lesser, 190 So.2d 805, 807 (Fla. 3d DCA 1966). Ruthenberg points out that, as an extra safeguard, an attorney ad litem, guardian ad litem and administrator ad litem were appointed to represent the appellants. The attorney ad litem testified that he forwarded the complaints to the appellants at their foreign address and they were never returned to him by the postal service. Ruthenberg contends that, since the guardian ad litem represented the client in a diligent manner in this case, the slight defect should be overlooked. Rodriguez v. Levin, 524 So.2d 1107, 1108 (Fla. 3d DCA 1988).
The lack of compliance with the statutes is fatal for Ruthenberg. Ruthenberg does not deny that he failed to make the required allegations for jurisdiction or that he failed to perfect substitute service of process on the appellants. When these jurisdictional allegations are not made, it is error for the trial court to fail to vacate its order and quash service. 1155 Inv. Co. v. Tamarac Club. Inc., 537 So.2d 154, 155 (Fla. 4th DCA 1989). These errors were not slight and the complaint should be dismissed without prejudice. See Chase Manhattan, 343 So.2d at 937. It is clear that Ruthenberg did not meet the requirements of section 48.161. Ruthenberg did not make any allegation of long arm jurisdiction in the initial complaint. Ruthenberg did allege that the appellants were a foreign corporation in the motion to appoint the attorney ad litem, and alleged that appellants do business in the State of Florida in the response to the motion to quash. Ruthenberg never alleged that the cause of action arose out of the appellants' business activities within the state. Holiday Inns, Inc. v. Jamison, 353 So.2d 1269, 1270 (Fla. 1st DCA 1978). Failure to make this allegation means that the appellants are not amenable to substituted service of process under section 48.181. Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelly Corp., 415 So.2d 892, 893 (Fla. 3d DCA 1982) (other citations omitted). Additionally, Ruthenberg never filed the return receipt because no certified mail was sent, nor did he file an affidavit of compliance. These defects are more than slight. Although the attorney ad litem was appointed as an extra safeguard, the defects inherent in not complying with the requirements of the statute still remain. Since the long arm statute must be strictly complied with, and because service was not perfected over Pelycado and Peeters, the trial court did not have jurisdiction over Pelycado and Peeters. Therefore, we reverse. The service of process and the other orders entered are quashed and the foreclosure sale is set aside with leave for Ruthenberg to refile this action and attempt to properly effect service.
REVERSED; QUASHED in part; REMANDED.
HARRIS, C.J., and GOSHORN, J., concur.
NOTES
[1] See Fla.R.App.P. 9.030(b)(1)(A).
[2] Pelycado and Peeters each allege that the value of their property was $115,000.