446 So.2d 240 (1984)
AMERICAN MOTORS CORPORATION and Jeep Corporation, Appellants,
v.
Armando ABRAHANTES and Maria Abrahantes, His Wife, Appellees.
AMERICAN MOTORS CORPORATION and Jeep Corporation, Appellants,
v.
James EXON, Appellee.
Nos. 83-2644, 83-2645.
District Court of Appeal of Florida, Third District.
March 6, 1984.
Mershon, Sawyer, Johnston, Dunwody & Cole and David A. Bailey, Miami, for appellants.
Floyd, Pearson, Stewart, Richman, Greer, Weil & Zack and Larry Stewart and Thomas Meeks, Miami, for appellees.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The record before us discloses that the defendants, American Motors Corporation and Jeep Corporation, were served with process in the manner provided in Section 48.194, Florida Statutes (1981), that is, by personally serving them outside the State of Florida. Having elected to so proceed, the plaintiffs were required to plead and prove, which they failed to do, that the cause of action alleged arose from the doing of any of the acts set forth in Section 48.193, Florida Statutes (1981). See Electro Engineering Products Co., Inc. v. Lewis, 352 So.2d 862 (Fla. 1977); National League for Nursing v. Bluestone, 388 So.2d 1090 (Fla. 3d DCA 1980). Although the allegations of the plaintiffs' complaints might support substituted service of process through the office of the Secretary of *241 State as provided in Section 48.181, Florida Statutes (1981), our review of the order denying the defendants' motions to dismiss on the ground of lack of jurisdiction over the persons of the defendants is limited to whether the jurisdictional requisites of Section 48.193, necessary predicates to service under Section 48.194, have been met. See A.B.L. Realty Corp. v. Cohl, 384 So.2d 1351 (Fla. 4th DCA 1980).
The plaintiffs' argument that the defendants' failure to move to dismiss on the ground of insufficiency of service of process waives the defendants' right to challenge such insufficiency on appeal misapprehends the nature of the defendants' challenge below and here. A motion to dismiss for lack of jurisdiction based on insufficiency of service of process lies when the service effected does not comport with the requirements of the statute pertaining to the manner in which such service is to be effected. P.S.R. Associates v. Artcraft-Heath, 364 So.2d 855 (Fla. 2d DCA 1978). A motion to dismiss based on lack of jurisdiction over the person lies when the service effected, as here, although proper in manner, is not authorized by the long-arm statute which confers jurisdiction.
Reversed.