517 So.2d 25 (1987)
AVIS RENT-A-CAR SYSTEMS, INC. and Insurance Company of North America, Appellants,
v.
Armando ABRAHANTES, Carmen Abrahantes, James Exon and Joan Exon, Appellees.
No. 86-1687.
District Court of Appeal of Florida, Third District.
November 3, 1987.
As Amended on Denial of Rehearing January 22, 1988.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Ft. Lauderdale, for appellants.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Scott D. Sheftall and Bertha Claire Lee and Sally R. Doerner, Miami, for appellees.
Before BARKDULL, NESBITT and BASKIN, JJ.
BARKDULL, Judge.
On June 12, 1981, while vacationing in the Cayman Islands, Armando Abrahantes and James Exon were injured when they *26 were thrown from the back seat of a jeep CJ-5. This jeep had been rented from Cico Rent-a-Car System, Ltd. ("Cico") earlier in the day by Michael Arthur, who was the driver at the time of this single car accident. Cico was operating under a franchise license with Avis, utilizing the Avis marketing and rental system network. Both Abrahantes and Exon are residents of Miami, Florida. Evidence was admitted at trial that established the jeep CJ-5 as being unstable because of the vehicle's high center of gravity. Appellants alleged that the jeep had been carelessly maintained at the time of the accident, therefore causing their injuries. The jury rendered a verdict in favor of appellees. Avis and Insurance Company of North America appeal the final judgment and denial of their post trial motions.
The appellants urge error in the trial court not applying Cayman law, and failing to hold as a matter of law that Cico was an independent contractor. The appellants contend the trial court also erred on a jury instruction as to independent contractor and in excluding from evidence a portion of the rental contract.
When the cause of action was originally filed under the blind assignment procedure, it was assigned to a division of the circuit court presided over by Judge William A. Herin. While the matter was before Judge Herin he denied a motion to dismiss which urged that the cause of action, among other things, was controlled by Cayman law. The case was subsequently before a division presided over by the Judge Herbert Klein. As the matter approached trial, counsel for the defendants filed a notice of intention to rely on Cayman law with a four page statement of what the Cayman law purported to be. At the time the matter came on for hearing on a motion for continuance of the trial, counsel for the defendants brought to the court's attention the notice of intention to rely on Cayman law. Counsel for the plaintiff indicated that the matter had previously been ruled on by Judge Herin and could not be addressed by Judge Klein, as Judge Herin's ruling constituted an order that could not be reversed by a successor judge pursuant to Section 26.19, Florida Statute (1981). Judge Klein, although having indicated that he thought the matter should be controlled by Cayman law, believed he was required to follow Judge Herin's prior ruling and never addressed on the merits, the propriety of Cayman law.[1]
The accident itself occurred in a jeep being driven in the Cayman Islands by an individual who had obtained a Cayman Island driver's license. The initial medical treatment following this accident was received in the Cayman Islands. The jeep involved in the accident was purchased from a Caymanian car dealership and was owned, serviced and maintained by a Caymanian car rental company which had been incorporated under the laws of the Cayman Islands and did business only in the Cayman Islands. The decision to rent the vehicle occurred outside the United States. The rental contract for this vehicle was drafted by Cayman Island lawyers and referenced only a Cayman Island car rental company. The entire car rental transaction *27 took place in the Cayman Islands. The car rental contract itself referenced application of Cayman Island law and insurance.
Applying these facts to the test set out in Bishop v. Florida Specialty Paint Company, 389 So.2d 999 (Fla. 1980), and for other reasons, we believe that the Cayman law was applicable to the cause of action[2] which was being tried in the local forum. It is apparent from the record that Judge Klein never addressed the proof of the foreign law which was attached to the notice of intention to rely thereon, but refused to consider same because of the prior ruling by Judge Herin, of which we now disapprove.
As to the question of independent contractor, we think under the evidence this was a jury question. Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983); Cirou v. Basler, 432 So.2d 628 (Fla. 3d DCA 1983).
As to the altered jury instruction, we find that the modified standard jury instruction, as given by the trial court, was a correct statement of the law under the facts of this cause. See Lee v. American Family Life Assurance Company of Columbus, 431 So.2d 249 (Fla. 1st DCA 1983); Sapp v. City of Tallahassee, 348 So.2d 363 (Fla. 1st DCA 1977).
Finally, as to the exclusion of the portion of the rental agreement, it appears that it was excluded because it contained language that in the event of any conflicting terms it was to be confirmed by Cayman law. In view of our ultimate holding in this matter, upon a return to the trial court and any trial, the complete agreement should be put in evidence.
Therefore for the reasons stated we reverse the final judgment on the jury verdict and return the matter to the trial court for purposes of a new trial with the case to be tried under Cayman law as may be substantiated by the parties. It is recognized that the plaintiff, because of the grounds of the ruling by Judge Klein did not attack the propriety of the purported Cayman law and should be accorded such an opportunity.
Reversed and remanded with directions.
NOTES
[1] It is clear from Judge Klein's remarks several times during the trial proceedings and post-trial proceedings that he felt the matter was governed by Cayman law. Transcript page 34.

THE COURT: * * *
"In regard to the defendant's notice of intent to rely upon Cayman Island law, while I might not have at the time it was decided, reached the same conclusion that Judge Herin did.
The fact is that he had entered an order directed toward this issue, the question of whether or not to rely upon Cayman Island law and your motion to dismiss I don't think under the applicable statutory and case law and I think there is some cases that I have a right to revisit with Judge Herin's ruling. So especially at this late date, so we are going to go forward based upon that ruling which I interpret used Florida law in this lawsuit.
Record, page 55 and 56.
THE COURT: However, my position has consistently been that the law of this case was established when Judge Herin entered his order denying your original motion, either a motion to dismiss or to somehow apply Cayman law, in terms of either a dismissal or for whatever purposes Cayman law would be applied. Judge Herin denied your motion to apply Cayman law.
I felt that the law of the case was established by the judge, and have consistently ruled that way, and will continue to do so."
[2] This court has on two prior occasions dealing with this accident, heretofore decided that the cause of action arose in the Cayman Islands. See American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985); American Motors Corp. v. Abrahantes, 446 So.2d 240 (Fla. 3d DCA 1984).