559 So.2d 1262 (1990)
AVIS RENT-A-CAR SYSTEMS, INC., and Insurance Company of North America, Appellants,
v.
Armando ABRAHANTES and Maria Abrahantes, His Wife, and James Exon and Joan Exon, His Wife, Appellees.
No. 89-1024.
District Court of Appeal of Florida, Third District.
April 17, 1990.
Rehearing Denied May 15, 1990.
*1263 Wicker, Smith, Blomqvist, Tutal, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Fort Lauderdale, for appellants.
Floyd, Pearson, Richman, Greer, Weil, Zack and Brumbaugh and Scott D. Sheftall, Miami, for appellees.
Before BASKIN, FERGUSON and GERSTEN, JJ.
BASKIN, Judge.
Avis Rent-A-Car Systems, Inc., [Avis] appeals the entry of a second amended final judgment in favor of Armando Abrahantes and James Exon; Maria Abrahantes and Joan Exon cross-appeal the denial of their claims for loss of consortium. We affirm in part and reverse in part.
This is the parties' second appeal.[1] The first appeal culminated in our remanding the cause for a new trial under Cayman Islands [Cayman] law. The trial court began the new trial by conducting an evidentiary hearing, with the agreement of all parties, to determine how to apply Cayman law to the circumstances of this case. The trial court heard expert testimony and determined that no material difference exists between Cayman and Florida principles pertaining to common law negligence and vicarious liability. Because these issues had been submitted to the jury on a substantially correct statement of Cayman law,[2] the trial judge reinstated the jury verdicts in favor of Armando Abrahantes and James Exon on the two theories of liability; however, the trial court found that no cause of action existed under Cayman law for the wives' loss-of-consortium claims and, applying Cayman law to all the issues involved in the case, declined to award the wives any damages. Avis appeals; the wives cross-appeal.
In Avis Rent-A-Car Systems, Inc. v. Abrahantes, 517 So.2d 25 (Fla. 3d DCA 1987), this court "revers[ed] the final judgment *1264 on the jury verdict and return[ed] the matter to the trial court for purposes of a new trial with the case to be tried under Cayman Law as may be substantiated by the parties." Abrahantes, 517 So.2d at 27 (emphasis supplied). Contrary to appellant's assertions, the trial court complied fully with our mandate. After conducting an evidentiary hearing, the trial court found that the jury had been separately and correctly instructed on the theories of liability applicable under Cayman law and reinstated the verdicts. Substantial competent evidence in the record supports the trial court's findings. The mandate did not require a new jury trial, and the trial court's procedure was appropriate under our mandate.
We disagree, however, with the trial court's denial of the wives' loss-of-consortium claims, based on its finding that the claims were not recognized under Cayman law. Although the trial court's statement of Cayman law is correct, this issue must, in this case, be determined under Florida law. In 1980, Florida joined the states that abandoned the lex loci delicti test for determining the law applicable in tort actions, and adopted the "significant relationships test" as set forth in Restatement (Second) of Conflict of Laws Sections 145, 146 (1971). Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980). That test has been followed by this court, see Harris v. Berkowitz, 433 So.2d 613 (Fla. 3d DCA 1983), and is cited with approval in our prior opinion. Abrahantes, 517 So.2d at 27.
Under the significant relationships test, also called the most significant relationships test, an analysis of the relationships described in sections 145-146 of the Restatement, Second, determines the law to be applied to each issue presented in the case. Claims for loss of consortium are governed by the law of the state where the marriage is domiciled, rather than by the law of the state where the injury occurred. Felch v. Air Fla., Inc., 562 F. Supp. 383 (D.C. 1983); Berghammer v. Smith, 185 N.W.2d 226 (Iowa 1971); Casey v. Mason Constr. & Engineering Co., 247 Or. 274, 428 P.2d 898 (Or. 1967). The state in which the marriage is domiciled has a greater interest in the marital status with its attendant rights and responsibilities, Berghammer, in a loss-of-consortium case, than does the state where the incident occured. Felch. In this case before us, Florida alone is concerned with the marital status of the cross-appellants and has the sole interest to be protected. Florida has provided its citizens a right to claim loss of consortium. To deny the wives, who are Florida residents, recovery for loss of consortium is to deny them the protection of Florida law.
Cayman has no interest in the cross-appellants or their ability to recover. There is no evidence of any strong countervailing policy of Cayman that would be thwarted by the application of Florida law.
For these reasons, we reverse the portion of the second amended final judgment that denies the cross-appellants' claims for loss of consortium and remand for reinstatement of the jury verdict finding Avis liable.
Affirmed in part; reversed in part; remanded for reinstatement of the jury's verdict in favor of the cross-appellants on their loss-of-consortium claims.
NOTES
[1] The facts of this case were fully set out in this court's prior opinion, Avis Rent-A-Car Systems, Inc. v. Abrahantes, 517 So.2d 25 (Fla. 3d DCA 1987). See also American Motors Corp. v. Abrahantes, 474 So.2d 271 (Fla. 3d DCA 1985); American Motors Corp. v. Abrahantes, 446 So.2d 240 (Fla. 3d DCA 1984).
[2] The jury was presented with special verdict interrogatories on each theory of liability. It returned a separate finding of liability on each theory, including negligence, vicarious liability and loss of consortium.