GENERAL RESOURCES ORGANIZATION, INC., The Law Firm of Manns & Manns, Dollie Stafford Manns, Alphonso Manns, Future Acceptance Corporation, Janice M. Phillips, Eddie Otis Phillips, and Mary L. Phillips, Petitioners,

v.

Glenn J. DEADMAN, William D.A. Adamson, and Westrade Commodities Pty., Ltd., Respondents.

No. 95–0973.

Supreme Court of Texas.

May 10, 1996.

Rehearing Overruled Aug. 16, 1996.

Alphonso Manns, Bloomington, for Petitioners.

Glenn J. Deadman, Ronald J. Shaw, San Antonio, for Respondents.

GONZALEZ, Justice, concurring opinion on Denial of Application for Writ of Error.

This case involves a gold scam in which the jury assessed damages of approximately $1.3 billion, of which $800 million were exemplary damages. The trial court granted a remittitur and rendered judgment for approximately $175 million, of which $100 million were exemplary damages. The court of appeals affirmed the trial court's judgment. 907 S.W.2d 22. Because petitioners' points of error lack merit, I concur in the denial of this

application for writ of error. I write separately to recommend that the Legislature enact a law apportioning one-half of punitive damage awards to the State.

Presently, plaintiffs receive the entire award of punitive damages in Texas. For example, in this case, three plaintiffs will share $100 million in punitive damages even though they were fully compensated for their injuries when the trial court awarded them more than $31 million in actual damages and $43 million in attorney's fees. Yet, the primary purposes for awarding punitive damages are to punish a defendant for reprehensible behavior and to deter similar conduct in the future. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974); *see also Hofer v. Lavender*, 679 S.W.2d 470, 479–80 (Tex.1984) (Pope, C.J., dissenting on motion for rehearing). Also, punitive damages are generally awarded in situations in which the defendant's conduct has damaged society as a whole as well as the individual plaintiff. *Cotton v. Cooper*, 209 S.W. 135, 138 (Tex.Comm'n App.1919, judgm't adopted); *see also* Grube, *Punitive Damages: A Misplaced Remedy*, 66 S.Cal. L.Rev. 839, 853 (1993). Thus, the goal in awarding punitive damages is not to compensate the victim. Actual damages perform that function. Nevertheless, our law creates a windfall for plaintiffs by allowing them to recover the entire award of punitive damages. I question whether this is wise public policy.

A preferable alternative is for Texas to join the growing list of states that have enacted laws allocating a portion of punitive damage awards to the State. Such statutes are in effect in at least eight states. *See* Fla.Stat.Ann. § 768.73(2)(b) (West Supp. 1996) (giving thirty-five percent of punitive damage awards to Public Medical Assistance Trust Fund in personal injury or wrongful death cases and to State General Revenue Fund in other cases); Ga.Code Ann. § 51–12–5.1(e)(2) (Supp.1995) (giving seventy-five percent of punitive damage awards to state treasury); Ill.Rev.Stat. ch. 735, para. 5/2–1207 (1992) (allowing trial court, at its discretion, to give portion of punitive damages to Department of Rehabilitation Services);

Iowa Code Ann. § 668A.1(2)(a)–(b) (West 1987) (allowing plaintiff to receive no more than twenty-five percent of punitive damages unless defendant's conduct was directed at plaintiff specifically; remainder to civil reparations trust fund); Mo.Rev.Stat. § 537.675(2) (1992) (allowing state to receive fifty percent of punitive damage awards for Tort Victim's Compensation Fund); N.Y.Civ. Prac.L. & R. § 8701(1) (McKinney Supp. 1996) (giving state general fund twenty percent of each punitive damage award); Or. Rev.Stat. § 18.540(1)(b) (1995) (apportioning sixty percent of punitive damages to Criminal Injuries Compensation Account); Utah Code Ann. § 78–18–1(3) (1992) (giving state one-half of award in excess of $20,000). Texas could do likewise and earmark the money to fund pro bono legal services for the poor. *See State Bar of Texas v. Gomez*, 891 S.W.2d 243, 247 (Tex.1994) (Gonzalez, J., concurring) (recognizing problems indigents encounter when seeking legal counsel).

Proposals for change of this nature are usually resisted and challenged. Indeed, the constitutionality of such provisions has been challenged in four states. In two of these states, courts have held the statutes constitutional. See *Gordon v. State*, 585 So.2d 1033, 1035–36 (Fla.Dist.Ct.App.1991), *aff'd*, 608 So.2d 800 (Fla.1992), *cert. denied*, 507 U.S. 1005, 113 S.Ct. 1647, 123 L.Ed.2d 268 (1993); *Shepherd Components, Inc. v. Brice Petrides–Donohue & Assocs.*, 473 N.W.2d 612, 619 (Iowa 1991). A federal district court held the Georgia statute unconstitutional. *McBride v. General Motors Corp.*, 737 F.Supp. 1563, 1578 (M.D.Ga.1990). However, the Georgia Supreme Court later found the statute constitutional. *Mack Trucks, Inc. v. Conkle*, 263 Ga. 539, 436 S.E.2d 635, 636–39 (1993). Finally, the Colorado Supreme Court held that state's statute unconstitutional. *Kirk v. Denver Publishing Co.*, 818 P.2d 262, 273 (Colo.1991). Even though there have been challenges to such statutes, these problems could perhaps be avoided through careful drafting. *See* Epstein, Note, *Punitive Damage Reform: Allocating a Portion of the Award to the State*, 13 Rev.Litig. 597, 620–21 (1994). At any rate, in my opinion, this issue merits careful consideration by the Legislature.

This is not the first time that I have suggested an apportionment of punitive damage awards between the plaintiff and the State. In *Hofer v. Lavender*, 679 S.W.2d 470, 479–80 (Tex.1984), I joined an opinion by Chief Justice Pope, who wrote:

> If we are to continue using punitive damages as a private system of law enforcement for conduct that offends public standards, we must consider innovative ways to improve that system. Who should receive the money derived from the trial that enforces the public good? Should fines imposed for civil wrongs that offend the public go to the state? ... Some scholars are asking why *all* of the punitive damages award should go to the victim, when it serves as a civil fine or penalty recovered to benefit the whole public.... If we permit recovery of punitive damages for the public good ..., I would divide that recovery, after attorney's fees, equally between the plaintiffs and the State's General Fund.

*Id.* at 480 (Pope, C.J., dissenting on motion for rehearing). I again call on the Legislature to enact a law apportioning one-half of punitive damage awards to the State.