Geoffrey Gilbert DART, Appellant,

v.

Walter Graham BALAAM, Appellee.

No. 2–96–237–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 29, 1997.

Rehearing Overruled Nov. 13, 1997.

Steven Mark Strong, Dallas, for Appellant.

Lee L. Cameron, Wilson, Elser, Maskowitz, Edelman & Dicker, Dallas, for Appellee.

Before DAY, BRIGHAM and HOLMAN, JJ.

## OPINION

BRIGHAM, Justice.

The issue presented is whether the trial court erred in recognizing an Australian judgment for money damages under the provisions of the Uniform Foreign Country Money–Judgment Recognition Act ("Recognition Act"). *See* TEX. CIV. PRAC. & REM.CODE ANN. Ch. 36 (Vernon 1997). We affirm.

### Background

Appellant Geoffery Gilbert Dart appeals from the trial court's order recognizing a foreign country judgment rendered by the Supreme Court of Victoria at Melbourne, Australia. Appellee Walter Graham Balaam filed an authenticated copy of the Australian judgment with the trial court under the Recognition Act. Section 36.004 of that act provides that a foreign country money judgment is recognizable in this state and "enforceable in the same manner as a judgment of a sister state that is entitled to full faith and credit," unless the judgment falls within one of the specific exceptions to recognition found in section 36.005 of the Recognition Act. *Id.* § 36.004. Section 36.005 provides for three grounds of mandatory nonrecognition and seven discretionary or permissive grounds. *See id.* § 36.005. In response to Appellee's request for recognition, Appellant filed a motion for nonrecognition, asserting that the judgment fit within five of the exceptions to recognition. In addition to filing the motion, Appellant requested an evidentiary hearing on the motion, which was set for June 27, 1996. Appellant failed to appear at the scheduled hearing, and his counsel filed a motion to continue the hearing. Concurrently, Appellant's counsel filed a "withdrawal of request for evidentiary hearing" and requested the trial court to "determine the matter based upon briefs and affidavits" on file. After considering the briefs and evidence on file, the trial court denied Appellant's motion for nonrecognition and recognized the Australian judgment. Appellant now challenges that decision, asserting the trial court erred by recognizing a foreign judgment (1) that was decided under a system that did not provide procedures compatible with the requirements of due process; (2) that was decided by a tribunal that lacked subject matter jurisdiction over the cause and personal jurisdiction over Appellant; (3) that was governed by a tribunal other than that designated in the parties' forum selection clause; and (4) that was decided in a seriously inconvenient forum for Appellant. Appellant's last point of error claims the trial court abused its discretion in denying Appellant's motion for continuance.

### Uniform Foreign Country Money–Judgment Recognition Act

A foreign country judgment assessing money damages is conclusive between the

parties and is enforceable in Texas in the same manner as a judgment of a sister state, which is entitled to full faith and credit, unless the judgment debtor satisfies the burden of establishing one of the ten specific grounds for nonrecognition provided in section 36.005 of the Recognition Act. *See id.* §§ 36.002–.0044. In limiting the defenses that may be raised by a judgment debtor, the Recognition Act creates standards for recognizing foreign judgments and prevents parties from relitigating issues that were conclusively settled by courts of foreign countries, unless such issues create an exception to recognition. *See id.; Banque Libanaise Pour Le Commerce v. Khreich,* 915 F.2d 1000, 1004 (5th Cir.1990).

■ The party seeking to avoid recognition has the burden of proving a ground for nonrecognition. *See Khreich,* 915 F.2d at 1005. The Recognition Act strictly narrows the issues that may be raised and considered by the trial court when determining whether to recognize a foreign country judgment:

> The Court may refuse recognition of the foreign country judgment if the motions, affidavits, briefs, and other evidence before it establish grounds for nonrecognition as specified in Section 36.005, but the court may not, under any circumstances, review the foreign country judgment in relation to any matter not specified in Section 36.005.

TEX. CIV. PRAC. & REM.CODE ANN. § 36.0044(g). Section 36.005 sets forth three mandatory and seven discretionary grounds for nonrecognition of foreign country judgments; these ten are the only defenses available to a judgment debtor. *See id.* § 36.005. Unless the judgment debtor satisfies his burden of proof by establishing one or more of the specific grounds for nonrecognition, the Recognition Act requires the court to recognize the foreign country judgment. *See id.* § 36.004.

■ The Recognition Act precludes a judgment debtor from collaterally attacking a foreign judgment where an issue was litigated before a foreign court or the party was given the opportunity to litigate the issue before that court. *See John Sanderson & Co. (Wool) Pty., Ltd. v. Ludlow Jute Co., Ltd.,* 569 F.2d 696, 699 (1st Cir.1978); *Bank of Nova Scotia v. Tschabold Equip., Ltd.,* 51

Wash.App. 749, 754 P.2d 1290, 1296 (1988). Grounds for nonrecognition may be waived if a party had the right to assert that ground as an objection or defense in the foreign country court but failed to do so. *See Tschabold,* 754 P.2d at 1296; *Missouri–Kansas–Texas R.R. Co. v. Heritage Cablevision of Dallas, Inc.,* 783 S.W.2d 273, 280 (Tex.App.—Dallas 1989, no writ).

### Points of Error

■ In his first point of error, Appellant claims that the trial court erred by recognizing the judgment that "was rendered under a system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 36.005(a)(1). This ground for nonrecognition that requires impartial tribunals and procedures compatible with due process of law does not dictate that procedures be identical to those in the United States. *See Ingersoll Milling Mach. Co. v. Granger,* 833 F.2d 680, 687 (7th Cir. 1987). "[A] mere difference in the procedural system is not a sufficient basis for nonrecognition. A case of serious injustice must be involved." UNIF. FOREIGN MONEYJUDGMENTS RECOGNITION ACT § 4 cmt., 13 U.L.A. 268 (1986).

Appellant's complaint about Australian due process concerns the right to a jury trial. Appellant asserts that he "desired a trial by jury and the [Australian] limitation in this regard is not on par with one of . . . the most sacred right[s] afforded to the citizens of this State." However, rule 47.02 of the Rules of Civil Procedure for the State of Victoria, Australia, allowed Appellant the right to request a trial by jury providing:

(1) A proceeding commenced by writ and founded on contract (including contract implied by law) or on tort (including a proceeding for damages for breach of statutory duty) **shall be tried with a jury if the plaintiff in the writ or the defendant by notice in writing to the plaintiff and to the Prothonotary [Registrar] within 10 days after the last appearance signifies that he desires to have the proceeding so tried.**

General Rules of Procedure in Civil Proceedings, 1986, ord. 47.02 (Austl.) (emphasis added).[1] Because the Australian action was commenced by a writ and founded on contract, rule 47.02(1) applied and afforded Appellant the right to request a jury trial.

■ To exercise his right, Appellant was required to file a timely notice requesting a jury trial. This requirement is comparable to our rule of civil procedure that "[n]o jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial." TEX.R. CIV. P. 216. But, Appellant never requested a jury trial and, therefore, waived his right to have the requirement considered as a ground for nonrecognition under the Recognition Act. *See John Sanderson & Co.,* 569 F.2d at 699; *Tschabold,* 754 P.2d at 1296. Appellant had the right and opportunity to request a jury trial in the Australian lawsuit, but elected not to. To conclude that the Australian trial court would have automatically denied Appellant a jury trial is mere speculation and does not support a finding of inadequate due process. Point of error one is overruled.

■ Appellant's second point of error relies on section 36.005(a) of the Recognition Act that provides that a foreign country money judgment is not conclusive if "the foreign country court did not have personal jurisdiction over the defendant." TEX. CIV. PRAC. & REM.CODE ANN. § 36.005(a)(2). Appellant argues that under a personal jurisdiction analysis in Texas and the United States, the Australian court would not have been able to establish that minimum contacts existed between Appellant and the forum state and that exercising personal jurisdiction over Appellant would offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356–57 (Tex.1990). However, regardless of a defendant's contacts or lack thereof with the forum state, where a defendant appears before a court or files a responsive pleading without asserting a jurisdictional defense, personal jurisdiction in that court is established by the defendant's consent, and the defendant's objections to personal jurisdiction are waived. *See South Carolina Nat'l Bank v. Westpac Banking Corp.,* 678 F.Supp. 596, 598–99 (D.S.C.1987); *Morris v. Morris,* 894 S.W.2d 859, 862 (Tex.App.—Fort Worth 1995, no writ); *Estate of Griffin v. Sumner,* 604 S.W.2d 221, 227 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

Similarly, the rules of procedure for the Australian court provide that a defendant may file a conditional appearance under protest, or object to the court's jurisdiction before filing an appearance. General Rules of Procedure in Civil Proceedings, 1986, ord. I 8.02.25 (Austl.). By filing an unconditional appearance, "the defendant submits to the jurisdiction of the court and waives any objection to it hearing and determining the proceeding." Civil Procedure—Victoria, ord. I 8.02.15 (Austl.).

■ Appellant filed an unconditional appearance, thereby consenting to the jurisdiction of the Australian court. Appellant also invoked the jurisdiction of the Australian court by filing a counterclaim seeking affirmative relief. Appellant's first objection to jurisdiction came when Appellee filed the judgment for recognition in Texas. Appellant's actions in the Australian lawsuit subjected him to the jurisdiction of the Australian court and would have had the same effect under Texas law.

By filing an unconditional appearance in Australia, Appellant waived his right to assert lack of personal jurisdiction as a ground for nonrecognition under the Recognition Act. Appellant had the opportunity to contest the Australian court's exercise of personal jurisdiction over him, but elected not to do so. He may not now attack the Australian

---

1. The remainder of order 47.02 provides:
    (2) *[Supreme Court only]* **Any other proceeding** shall be tried without a jury, unless the Court otherwise orders.
    (3) Notwithstanding any signification under paragraph (1), the Court may direct trial without a jury if in its opinion the proceeding should not in all the circumstances be tried before a jury.
    (4) Trial with a jury shall be with a jury of six. General Rules of Procedure in Civil Proceedings, 1986, ord. 47.02 (Austl.) (emphasis added).

judgment on that basis. *See John Sanderson & Co.,* 569 F.2d at 699; *Enterprise–Laredo Assoc. v. Hachar's Inc.,* 839 S.W.2d 822, 835 (Tex.App.—San Antonio), *writ denied,* 843 S.W.2d 476 (Tex.1992). Point of error two is overruled.

In his third point of error, Appellant claims the trial court should have found mandatory nonrecognition on the grounds that the Australian court lacked subject matter jurisdiction over the lawsuit. Appellant points to the forum selection clause within the contract at issue that stated that all disputes were to be submitted to the courts of Vanuatu.

When enforcing forum selection clauses, Texas courts have held that a forum selection clause does not deprive a court of subject matter or personal jurisdiction. *See General Resources Org., Inc. v. Deadman,* 907 S.W.2d 22, 27 (Tex.App.—San Antonio 1995), *writ denied,* 932 S.W.2d 485 (Tex.1996); *Greenwood v. Tillamook Country Smoker, Inc.,* 857 S.W.2d 654, 657 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Barnette v. United Research Co.,* 823 S.W.2d 368, 370 (Tex.App.—Dallas 1991, writ denied).

■ The forum selection clause at issue in this case did not deprive the Australian court of jurisdiction over the subject matter of Appellee's claims against Appellant. The Australian court properly exercised its jurisdiction to resolve a dispute between Australian citizens concerning a contract to develop real property located in Australia. Point of error three is overruled.

In point of error four, Appellant claims the trial court abused its discretion by recognizing the Australian judgment when "the proceeding in the foreign country court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court." TEX. CIV. PRAC. & REM.CODE

ANN. § 36.005(b)(5). The Texas Supreme Court has recognized that contracting parties may agree that the law of a particular state will apply to the contract, so long as the chosen law bears a relationship to the agreement or parties and does not contravene the public policy of the forum. *See DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 677 (Tex. 1990) (op. on reh'g), *cert. denied,* 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). The provisions of a forum selection clause may be waived just as any other contractual right. *See Purvis Oil Corp. v. Hillin,* 890 S.W.2d 931, 937 (Tex.App.—El Paso 1994, no writ).

■ While the contract between Appellant and Appellee specified that disputes would be submitted to the courts of Vanuatu, neither party sought to enforce that right. Appellee waived his right by filing suit in Australia. Appellant in turn elected to waive his right by making an unconditional appearance and by filing a counter-claim seeking affirmative relief in the Australian court. Having failed to contest the issue in the Australian court, Appellant cannot now assert it as a basis for nonrecognition. Point of error four is overruled.

In point of error five, Appellant claims the trial court abused its discretion by recognizing a foreign judgment that was "based only on personal service, the foreign country court [being] a seriously inconvenient forum for the trial of the action." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 36.005(b)(6). In this case, the Australian court's jurisdiction over Appellant was based on his unconditional appearance, filing of a counter-claim, and personal service. Thus, the claimed provision of the Recognition Act does not apply.

■ Furthermore, the convenience of the forum must be determined by examining the facts as they existed at the time suit was filed.[2] Appellant was a resident and citizen of Australia when Appellee filed suit, and

2. This section of the Recognition Act "authorizes a court to refuse recognition and enforcement of a judgment rendered in a foreign country on the basis only of personal service when it believes the original action should have been dismissed by the court in the foreign country on grounds of forum non conveniens." UNIF. FOREIGN MONEY-JUDGMENTS RECOGNITION ACT § 4 cmt., 13 U.L.A. 268

(1986). Under Texas law, a motion to dismiss for forum non conveniens must be filed before or concurrently with a defendant's first plea, pleading, or motion. *See* TEX. CIV PRAC & REM.CODE ANN. § 71.051(e)(Vernon 1997); TEX R. CIV. P. 86(1). Accordingly, courts evaluate the convenience of the forum considering the facts at that time.

the agreement that formed the basis of the action related to the development of real property located in Australia. Therefore, the trial court did not abuse its discretion in rejecting nonrecognition based on an inconvenient forum. Point of error five is overruled.

### Motion for Continuance

■ In his sixth point of error, Appellant contends that the trial court abused its discretion by denying his motion for continuance. To preserve error for our review, a party must make a timely objection and obtain an adverse ruling. *See* TEX.R.APP. P. 52(a); *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex.1991) (op. on reh'g). Appellant failed to obtain a ruling from the trial court on his motion for continuance and therefore, failed to preserve error. *See Rangel v. State Bar of Texas,* 898 S.W.2d 1, 3 (Tex.App.—San Antonio 1995, no writ) (refusing to consider appellant's complaints with respect to motion for continuance because trial court did not rule on motion). Point of error six is overruled.

### Conclusion

Having overruled Appellant's points of error, the judgment of the trial court is affirmed.