11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Geoffrey Gilbert Dart

Appellant

Vs.                   No. 11-01-00131-CV B Appeal from Dallas County

The Estate of Walter Graham Balaam

Appellee

 

Geoffrey Gilbert Dart appeals the trial court=s decision dismissing his case for want of
personal jurisdiction over The Estate of Walter Graham Balaam.  We affirm.

Background Facts

The initial dispute between Dart and Walter
Graham Balaam arose from a contract they made in Australia.  Both were residents of Australia at the
time, and the contract concerned the development of real property in
Australia.  Balaam sued Dart in
Australia over the contract.  Dart
answered, making an unconditional appearance and filing a counterclaim seeking
affirmative relief in the Australian court. 
Subsequently, Dart moved to Dallas. 
The Australian court entered a default judgment against Dart, and then
Balaam sought to enforce his judgment for money damages in a Texas court.  Under the Uniform Foreign Country Money
Judgment Recognition Act, TEX. CIV. PRAC. & REM. CODE ANN. '' 36.001 - 36.008  (Vernon 1997), the Texas court recognized Balaam=s Australian judgment and held that it was
enforceable in Texas.  Recognition of
the Australian judgment was confirmed on appeal.  Dart v. Balaam, 953 S.W.2d 478 (Tex.App. B Fort Worth 1997, no pet=n).








Balaam died after Dart v. Balaam, supra,
became final.  This suit by Dart was
then filed in Texas, complaining about alleged misrepresentations or
inconsistent positions by the representatives of Balaam=s Estate. 
The events that are the basis of Dart=s complaint occurred in Australia. 
Except for seeking to enforce the earlier money judgment in Texas,
neither Balaam nor the Balaam Estate has had any contacts with Texas.  The Balaam Estate filed a special appearance
to contest jurisdiction, and the trial court dismissed Dart=s case for want of personal jurisdiction over
the Estate.

In his first issue, Dart argues that the
Balaam Estate cannot avoid personal jurisdiction because Balaam sought to
enforce the Australian judgment in the Texas courts in the earlier
litigation.  We disagree.

A Texas court may exercise jurisdiction over
a nonresident if two conditions are met. 
First, the Texas long-arm statute must authorize the exercise of
jurisdiction.  Second, if the Texas
long-arm statute authorizes jurisdiction, then the exercise of jurisdiction
must be consistent with federal and state constitutional guarantees of due
process.  Schlobohm v. Schapiro, 784
S.W.2d 355, 356 (Tex.1990).  The Texas
long-arm statute permits jurisdiction over a nonresident if the nonresident:
(1) contracts by mail or otherwise with a Texas resident and either party is to
perform the contract in whole or in part in Texas; (2) commits a tort in whole
or in part in Texas; or (3) recruits Texas residents for employment.  TEX. CIV. PRAC. & REM. CODE ANN. ' 17.042 (Vernon 1997).  Dart=s pleading contained no allegations required to meet the requirements
of the Texas long-arm statute.  We
overrule Dart=s first issue.

In his second issue, Dart argues that it is
unconstitutional and a denial of due process to deny  Dart an ability to sue the Balaam Estate in Texas because Balaam
availed himself of the Texas courts in Dart v. Balaam, supra.  Dart did not raise this argument in the
trial court.  He cannot raise it on
appeal for the first time.  TEX.R.APP.P.
33.1; see Bushell v. Dean, 803 S.W.2d 711, 712 (Tex.1991); Williamson v. New
Times, Inc., 980 S.W.2d 706, 711 (Tex.App. B Fort Worth 1998, no pet=n).  Dart=s second issue is overruled

We affirm the judgment of the trial court.

 

PER CURIAM

 

April 4, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and 

Wright, J., and McCall, J.