Dissenting Opinion Issued August 22, 2002, Withdrawn; Revised Dissenting
Opinion filed November 27, 2002















Dissenting
Opinion Issued August 22, 2002, Withdrawn;
Revised Dissenting Opinion filed November 27, 2002.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-00-00798-CV

_______________

 

THE COURAGE
COMPANY, L.L.C., Appellant

 

V.

 

THE CHEMSHARE
CORPORATION, Appellee

______________________________________________________

 

On Appeal from
the 113th District Court

Harris County, Texas

Trial Court
Cause No. 00-15656

______________________________________________________

 

R E V I S E
D   D I S S E N T I N G   O P I
N I O N

 

            The dissenting opinion issued in
this case on August 22,
 2002, is withdrawn, and the following dissenting opinion is
issued in its place.

            The majority opinion essentially
holds that a foreign judgment can be denied recognition on the ground that the
foreign proceeding was contrary to an agreement to settle the dispute other
than by proceedings in the foreign court[1] even
though that court was never apprised of any such agreement.  I disagree with this conclusion for two
reasons.

            First, I believe it is contrary to
the rule that a judgment debtor may not rely on a ground for nonrecognition of a foreign judgment that the party had a
right, but failed, to assert in the foreign proceeding.[2]  Second, and similarly, a party with a right
to arbitration has a choice whether to invoke it and may see an advantage in
refraining from doing so in a particular case. 
Where, as here, a party has failed to invoke its claim to arbitration in
a foreign proceeding,[3] I do
not think it can be said that the resulting foreign judgment is contrary to an agreement to settle the
dispute by arbitration when that court never had a chance to let the dispute be
settled in accordance with the agreement.

            If the majority holding is correct,
a party with an arguable claim to arbitration would be well advised to refrain
from raising it in a foreign lawsuit so as to assure that any adverse foreign
judgment would not be recognized in a United
 States court.  Because I do not believe this is supported by
law or logic, I would not affirm the trial court’s denial of recognition of the
Japanese judgment on the ground that the Japanese proceeding was contrary to
the parties’ agreement to arbitrate.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Revised Dissenting Opinion filed November 27, 2002.

Panel
consists of Justices Anderson, Hudson, and Edelman.

Publish — Tex. R. App. P. 47.3(b).











[1]           See Tex. Civ. Prac. & Rem. Code Ann.
§ 36.005(b)(5) (Vernon 1997).





[2]           See Dart v.
Balaam, 953 S.W.2d 478, 480 (Tex. App.—Fort Worth 1997, no writ).





[3]           In this case, whether Chemshare’s failure to urge its right to arbitration in the
Japanese proceeding would constitute a 
“waiver” of that right under the Texas case law
cited in the majority opinion is academic. 
The fact remains that whatever opportunity Chemshare
had to assert its arbitration claim in the Japanese court is now gone, and the
circumstances set forth in the majority opinion show no other reason for Chemshare’s loss of its arbitration claim than a failure to
invoke it (i.e., along with the other
defensive matters it asserted subject to its jurisdictional challenge).