[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 31, 2006
THOMAS K. KAHN
CLERK

No. 06-11749
Non-Argument Calendar
_____

D. C. Docket No. 04-21900-CV-AJ

FLICK MORTGAGE INVESTORS, INC.,

Plaintiff-Appellant,

versus

METROPOLIS PROMOTION INVESTMENTS &
PROPERTIES (1993) LTD.,
ANGLO-SAXON REAL ESTATE AGENCY (ISRAEL 1992), LTD.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 31, 2006)

Before TJOFLAT, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Flick Mortgage Investors, Inc. ("Flick") appeals the district court's dismissal of its complaint, alleging unfair competition and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), against Defendants Metropolis Promotion Investments & Properties (1993), Ltd. ("Metropolis") and Anglo-Saxon Real Estate Agency (Israel 1992) Ltd. ("Anglo-Saxon"). The district court dismissed the complaint for lack of personal jurisdiction over the Defendants after concluding that although the Florida long-arm statute, Fla. Stat. § 48.193(1)(b), was satisfied, the Defendants did not have sufficient minimum contacts under the Due Process Clause of the Fourteenth Amendment to allow the exercise of personal jurisdiction over them in a court in Florida. On appeal, Flick argues the district court erred in its "minimum contacts" analysis and its conclusion that the Defendants' 1998 meeting with the President of Flick was insufficient to satisfy due process because the meeting was non-essential to the parties' future dealings. After careful review, we affirm.

We review a dismissal for lack of personal jurisdiction de novo. See Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268 (11th Cir.2002); Alexander Proudfoot Co. World Hqrtrs. L.P. v. Thayer, 877 F.2d 912, 916 (11th Cir. 1989). "When the district court does not conduct a discretionary evidentiary hearing on a

2

motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over the nonresident defendant." Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990).

On appeal, Flick argues that the district court erroneously concluded that exercising specific jurisdiction over the Defendants in Florida would not comport with fundamental notions of fair play and substantial justice, within the meaning of Int'l Shoe Co. v. Washington, because the Defendants did not have sufficient minimum contacts with the state. See 326 U.S. 310, 316 (1945) (holding that the fundamental inquiry of specific jurisdiction is whether the defendant has such "minimum contacts with [Florida] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (citation omitted)). An analysis of whether personal jurisdiction exists requires a court to determine whether the exercise of jurisdiction comports with both the forum state's long-arm statute, here Fla. Stat. § 48.193, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1319 (11th Cir. 2004).[1]

---

[1] Because we conclude that the Defendants' contacts with Florida were insufficient to satisfy the Due Process Clause of the United States Constitution, we do not reach the issue as to whether those contacts would satisfy the requirements of Florida's long-arm statute, which provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits

The due process inquiry consists of asking whether "(1) the nonresident defendant has purposefully established minimum contacts with the forum . . . and (2) the exercise of jurisdiction will not offend 'traditional notions of fair play and substantial justice.'" SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997) (internal quotation marks and citations omitted). We agree with the district court that the Defendants' singular contact with Florida, consisting of a 1998 meeting during which preliminary financing discussions took place, but no formal written or oral agreement was reached, and during which Flick voluntarily provided the Defendants' representatives with brochures bearing Flick's name and mark, was insufficient to show purposeful availment and, accordingly, was insufficient to establish purposeful availment. We are unpersuaded by Flick's suggestion that, the mere (voluntary) exchange of Flick's name and mark in Florida changes the result where the record makes clear that the alleged misappropriation and acts of unfair competition took

---

himself or herself ⋯ to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

. . .

(b) Committing a tortious act within this state.

Fla. Stat. § 48.193(1). The district court concluded that § (1)(b) was satisfied. We need not reach the Florida long arm statute issue because even if Florida's statute is satisfied, Flick fails to establish the second prong of the inquiry: showing that the exercise of jurisdiction in the circumstances of this case comports with the Due Process clause.

4

place in Israel. In short, after <u>de</u> <u>novo</u> review, we discern no error in the district court's minimum-contacts analysis and dismissal of the complaint for lack of personal jurisdiction.

**AFFIRMED.**