WELLS, J.
 

 Keler Israel and a number of other plaintiffs (collectively “the plaintiffs”) appeal from an order granting summary judgment in favor of Flick Mortgage In
 
 *1197
 
 vestors, Inc., which effectively denied domestication of an Israeli final money-judgment. We reverse.
 

 The plaintiffs are all citizens of Israel who made purchases in Israel of homes located at Lake Marion Golf Resort in Florida. Flick holds the mortgages on these homes. When the value of the homes turned out to be substantially less than what they were purchased for, the plaintiffs brought suit in Israel against Flick and others involved in the sales to unwind these transactions.
 

 In October 2002, the plaintiffs served the foreign complaint on Flick by registered mail in Florida. Flick timely filed a motion in the Israeli court, supported by an affidavit, challenging personal jurisdiction, claiming: (1) that Flick was not a party to any contract made in Israel; (2) that Flick breached no contract in Israel; (3) that Flick had no agents, representatives or employees in Israel that ever acted or failed to act in Israel; and (4) that Flick was not a necessary party to the action regarding the sale of these homes. However, Flick made no claims regarding sufficiency of service of process at that time.
 

 Although Flick’s attorney appeared in the Israeli court to defend this motion, Flick’s supporting affidavit was stricken because the affiant did not appear. Flick appealed the order striking its affidavit but later dismissed that appeal. The motion challenging personal jurisdiction ultimately was denied.
 

 Flick did not participate further in the lawsuit in Israel, but instead brought an action in the Miami-Dade County circuit court against two of its co-defendants in the Israeli action, seeking damages for having to defend the suit in Israel and indemnification for any damages incurred in that action. That action was removed to federal court and ultimately dismissed.
 
 See Flick Mortgage Investors, Inc. v. Metropolis Promotion Inv. & Props. (1993) Ltd.,
 
 212 Fed.Appx. 775 (11th Cir.2006).
 

 On June 20, 2005, the Israeli court entered a final money-judgment against Flick, awarding the plaintiffs $1,481,550 plus interest and attorneys’ fees. Flick prosecuted no appeal from the judgment. Approximately six months after the Israeli judgment was entered, the plaintiffs sought recognition and enforcement of it in the Miami-Dade County circuit court under Florida’s Uniform Out-of-country Foreign Money-Judgment Recognition Act. §§ 55.601-.607, Fla. Stat. (2008). Objecting to domestication of the foreign money-judgment, Flick moved for summary judgment arguing that the Israeli court lacked personal jurisdiction over it due to insufficiency of service of process. The trial court agreed and entered summary judgment in favor of Flick. We reverse because Flick not only failed to demonstrate any defense to recognition that is authorized by the Act, but also because Flick waived the defense of insufficient service of process by not raising it before the Israeli court at the time it challenged personal jurisdiction therein.
 

 Sections 55.603 and 55.604 of the Act expressly provide that an out-of-country foreign money-judgment that is “final and conclusive and enforceable where rendered” is also “conclusive between the parties” and enforceable in this state
 
 “[e]x-cept as provided in s. 55.605”
 
 of the Act. § 55.603, Fla. Stat. (2008); § 55.604, Fla. Stat. (2008) (emphasis added);
 
 see also
 
 § 55.604(2), Fla. Stat. (2008) (authorizing objections “specifying the grounds for nonrecognition or nonenforceability
 
 under this act”)
 
 (emphasis added). Section 55.605 provides only ten grounds on which recognition of an out-of-country foreign money-judgment may be denied. The first three grounds are mandatory and preclude recognition of a foreign judgment where
 
 *1198
 
 the court entering the judgment either: (1) operates as part of a system that does not provide impartial tribunals which accord due process; (2) did not have personal jurisdiction over the defendant; or (3) did not have jurisdiction over the subject matter. § 55.605(l)(a)-(c), Fla. Stat. (2008). The remaining seven grounds are discretionary and, as pertinent here, provide that a foreign judgment “need not be recognized if ... [t]he defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him or her to defend.” § 55.605(2)(a), Fla. Stat. (2008);
 
 see also Dart v. Balaam,
 
 953 S.W.2d 478, 480 (Tex.App.1997) (confirming that the Uniform Foreign Country Money-Judgments Recognition Act
 
 [1]
 
 “sets forth three mandatory and seven discretionary grounds for nonrecognition of foreign country judgments,” and that “these ten are the only defenses available to a judgment debtor”).
 

 Flick does not (justifiably) claim that the judgment at issue here was the product of a system that either does not provide impartial tribunals or that does not afford due process.
 
 See Kam-Tech Sys. Ltd. v. Yardeni,
 
 340 N.J.Super. 414, 774 A.2d 644, 651 (2001) (finding that no basis exists “for concluding that the procedures of the Israeli civil justice system fail to measure up to the [Uniform Foreign Money-Judgments Recognition] Act’s due process test”). Nor does Flick claim that the Israeli court lacked subject matter jurisdiction. Flick claims instead that the Israeli court lacked personal jurisdiction over it because it was notified of the Israeli action by registered mail. On the particular facts and circumstances of this case, this claim must fail.
 

 As an initial matter, we note that an attack on the manner of service of process is not expressly set forth as one of the ten grounds for nonrecognition or nonenforce-ability that may be asserted under the Act. § 55.605, Fla. Stat. (2008). Rather, section 55.605(2)(a) — -the only provision of the Act potentially authorizing an attack on a foreign money-judgment relating to insufficiency of service of process — focuses not on how the defendant received notice of the foreign lawsuit, but on whether the defendant received “notice of the proceedings in sufficient time to enable him or her to defend.” § 55.605(2)(a), Fla. Stat. (2008). Given that the record indisputably shows that Flick actually received notice of the Israeli action and that Flick was able to timely defend itself therein, its “defense” to recognition in the lower court, centered as it is on the manner of notice, appears to be insufficient under the Act.
 
 See also Dart,
 
 953 S.W.2d at 480 (“In limiting the defenses that may be raised by a judgment debtor, the [Uniform Foreign Country Money-Judgments] Recognition Act creates standards for recognizing foreign judgments and prevents parties from relit-igating issues that were conclusively settled by courts of foreign countries, unless such issues create an exception to recognition.”).
 

 Even if the manner of service of process is a defense to recognition and enforcement of a foreign money-judgment under section 55.605, we nonetheless would reverse the order on appeal because Flick waived the defense through its actions in the Israeli proceedings. When the plaintiffs initiated the underlying action against Flick in the Israeli court, Flick challenged only the foreign court’s exercise of personal jurisdiction over it for reasons wholly unrelated to any claim that service of process by registered mail was insufficient. Claims of lack of personal jurisdiction are,
 
 *1199
 
 of course, not the same as a claim that service of process is insufficient:
 

 A motion to dismiss for lack of jurisdiction based on insufficiency of service of process lies when the service effected does not comport with the requirements of the statute pertaining to the manner in which such service is to be effected.
 
 P.S.R. Associates v. Artcraft-Heath,
 
 364 So.2d 855 (Fla. 2d DCA 1978). A motion to dismiss based on lack of jurisdiction over the person lies when the service effected ... although proper in manner, is not authorized by [a statute] which confers jurisdiction.
 

 Am. Motors Corp. v. Abrahantes,
 
 446 So.2d 240, 241 (Fla. 3d DCA 1984) (emphasis added).
 

 In Florida, failure to raise insufficiency of service of process as a ground for dismissal at the earliest opportunity constitutes a waiver of that defense.
 
 See
 
 Fla. R. Civ. P. 1.140(b);
 
 Re-Employment Servs. Ltd. v. Nat'l Loan Acquisitions Co.,
 
 969 So.2d 467, 470 (Fla. 5th DCA 2007). The same appears to be true in Israel.
 
 [2]
 
 Thus, Flick’s failure to raise this recognized defense in Israel constitutes a waiver of that defense and precludes collateral attack on the Israeli judgment here.
 
 [3]
 

 See Dart,
 
 953 S.W.2d at 480 (“The [Uniform Foreign Country Money-Judgments] Recognition Act precludes a judgment debtor from collaterally attacking a foreign judgment where an issue was litigated before a foreign court or the party was given the opportunity to litigate the issue before that court. Grounds for nonrecognition may be waived if a party had the right to assert that ground as an objection or defense in the foreign country but failed to do so”) (citations omitted);
 
 see also Somportex Ltd. v. Philadelphia Chewing Gum Corp.,
 
 453 F.2d 435, 441 (3d Cir.1971) (finding that where the defendant requested and was given the opportunity to challenge an English court’s exercise of personal juris
 
 *1200
 
 diction in the English proceedings, but failed to do so, the defendant had waived the jurisdictional challenge such that it could not then raise it as a defense in an action to domesticate the judgment in the federal district court); Linda J. Silberman & Martin Lipton,
 
 Enforcement & Recognition of Foreign Country Judgments in the United States,
 
 739 PLI/Lit 351, at 380 (March 2006) (“If the defendant challenged the jurisdiction of the rendering court in the first action and the challenge was unsuccessful or not carried to conclusion, ... a renewed challenge to jurisdiction of the rendering court on that ground [in an enforcement and recognition action] is generally precluded. Such jurisdictional findings of the first court are res judicata with regard to sister state judgments.... A similar rule is usually held to apply with regard to foreign country judgments.”).
 

 The order denying recognition of the Israeli judgment is, therefore, reversed with this matter remanded for entry of an order in the plaintiffs’ favor.
 

 Reversed and remanded.
 

 [1]
 

 . The Act adopted in Texas is, with limited exceptions and variations in terminology, the same as that adopted in Florida.
 
 See
 
 Tex. Civ. Prac. & Rem.Code Ann. §§ 36.001-.008 (2008).
 

 [2]
 

 . The relevant Israeli civil procedure rule provides:
 

 502. Petition to cancel order for service outside jurisdiction
 

 (a) The Court or Registrar who permitted a Court document to be served outside Israel shall set the time for the submission of pleadings according to the circumstances, and they shall deliver of copy of the permit to the addressee.
 

 (b) If a Court document was served on a party outside Israel, then he may petition for cancellation of the order that permits the service, or he may argue in his pleadings that the Court is not competent to hear the action, but all that no later than when he first pleads on the subject of the action.
 

 Civil Law Procedure Regulations: 5744-1984, 137-38 (7th ed. Haifa, Israel: Aryeh Greenfield — A.G. Publications) (2005).
 

 [3]
 

 . As one treatise on Israeli civil procedure has explained:
 

 As to international jurisdiction based on permission to serve process outside of the jurisdiction, ... the issue is raised usually by a motion to rescind the permission which has been granted
 
 ex parte.
 
 However, the Rules of Civil Procedure also expressly permit raising the matter in the defendant’s answer to the complaint.
 

 In both cases, the court will address the issue of service outside the jurisdiction as if the
 
 ex parte
 
 order had not been granted, thus laying the full burden of persuasion on the plaintiff.
 

 However, Rule 502(b) of the RCP provides expressly that whether the issue is raised by motion to rescind the permission or in the defendant’s answer, it must be raised no later than the day the defendant first pleads to the merits of the complaint.
 

 [[Image here]]
 

 Thus, not only may a defendant agree in advance to international jurisdiction, but he may lose his defence as to international jurisdiction if he does not raise it in a timely manner. This is in direct contrast to the treatment of subject matter jurisdiction, but is in accord with the law governing venue....
 

 Stephen Goldstein,
 
 International Encyclopae-dia of Laws: Civil Procedure, Volume 2
 
 Israel — 71-72 (Kluwer Law International 2001).