KLEIN, J.
Appellant defendants were served in Texas under section 48.181, Florida Statutes (2003), by substituted service on the Florida Secretary of State. After they failed to answer, a default judgment was entered, which they moved to set aside under rule 1.540(b), asserting that the judgment is void for insufficient service of process and lack of notice. We reverse the denial of their motion.
Plaintiff attempted to serve defendants through the Dallas County sheriff at one address and was unsuccessful. As it turned out, defendants had not occupied that address for a number of months. Without doing anything further, plaintiff alleged that the defendants were concealing their whereabouts and served the Florida Secretary of State under section 48.181. When the time expired in which to answer, plaintiff obtained a default judgment and, after being informed of the judgment, defendants moved to set aside the default asserting that none of them had received notice.
In their affidavit defendants stated that none of them had been located at the address at which the deputy had attempted to serve them, but they were available at a different Dallas address which would have been easily ascertainable. In addition, defendants pointed out that plaintiff had failed to comply with section 48.161 in that it had failed to file an affidavit of compliance with the statute, and had failed to file evidence of sending notice and a copy of process by certified mail. Valliappan v. Cruz, 871 So.2d 1035 (Fla. 4th DCA 2004).
Plaintiff did not assert in the trial court, nor has it asserted here, that it did comply with our substituted service statute. We accordingly reverse the judgment as it is void.
FARMER, C.J., and BERGER, WILLIAM J., Associate Judge, concur.