DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SILVIO COZZETTO,**
Appellant,

v.

**BANYAN FINANCE, LLC,** et al.,
Appellees.

No. 4D17-1255

[January 10, 2018]

Appeal of a non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie Rowe, Judge; L.T. Case No. 502014CA005034.

Robert C. Buschel of Buschel Gibbons, P.A., Fort Lauderdale, and Grant J. Smith of Strategysmith, P.A., Fort Lauderdale, for appellant.

No appearance for appellees.

GERBER, C.J.

The defendant appeals from the circuit court's order denying his Florida Rule of Civil Procedure 1.540 motion to vacate the final default judgment entered against him. The defendant's motion primarily argued that the final default judgment was void because the plaintiff's service on the defendant through the Florida Secretary of State under section 48.181(1), Florida Statutes (2014), was insufficient. We agree with the defendant's argument and reverse.

The plaintiff's complaint alleged, in pertinent part, as follows. The defendant is a Michigan resident who is the majority owner, managing member, and president of a Michigan corporation which provides health care services. The defendant's corporation entered into several agreements with two financing companies. Under the agreements, in exchange for an immediate advance of funds from the financing companies to the defendant's corporation, the defendant's corporation would repay the financing companies using its account receivables collected over time. The face of the agreements bear no relation to Florida.

The financing companies later entered into agreements with the plaintiff whereby the financing companies assigned to the plaintiff the right to be paid from the account receivables of the defendant's corporation. The assignment agreements directed that payments were to be made to the plaintiff in Florida. However, the defendant's corporation was not a party to those assignment agreements.

When the defendant's corporation allegedly failed to pay its account receivables to the plaintiff, the plaintiff filed suit in Florida against the defendant and the defendant's corporation. The complaint alleged counts for breach of contract, unjust enrichment, conversion, and breach of the duty of good faith and fair dealing. The complaint alleged that the defendant was a Michigan resident "doing business in Florida." However, the complaint did not contain any specific facts indicating how the defendant allegedly was "doing business in Florida."

The plaintiff was able to obtain service on the defendant's corporation. However, the plaintiff was unable to obtain service on the defendant in Michigan after several attempts. The plaintiff's Michigan process servers filed affidavits opining that the defendant was avoiding service.

The plaintiff obtained from the clerk of court an alias summons directing that service upon the defendant be made upon the Florida Secretary of State pursuant to section 48.181(1), Florida Statutes (2014), which provides, in pertinent part:

> The acceptance by any person or persons . . . who are residents of any other state . . . and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his or her whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, constitutes an appointment by the persons and foreign corporations of the Secretary of State of the state as their agent on whom all process in any action or proceeding against them, or any of them, arising out of any transaction or operation connected with or incidental to the business or business venture may be served. The acceptance of the privilege is signification of the agreement of the persons . . . that the process against them which is so served is of the same validity as if served personally on the persons . . . .

After the plaintiff served the alias summons upon the Florida Secretary of State, the plaintiff obtained a clerk's default against the defendant. The plaintiff then obtained a final default judgment against the defendant.

The defendant later learned of the final default judgment and filed a motion to vacate the judgment pursuant to Florida Rule of Civil Procedure 1.540(b) ("On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (4) that the judgment or decree is void . . . ."). In the motion, the defendant alleged, in pertinent part:

> [A]t no point in time did either [the defendant] (or [the defendant's corporation]) conduct any business in the State of Florida. More specifically, at no point in time did [the defendant] (or [the defendant's corporation]) accept the privilege extended by the laws of the State of Florida to operate, conduct, engage in, or carry on a business or business venture in the State of Florida, or to have an office or agency in the State of Florida. To the contrary, the medical services [the defendant's corporation] provided that led to the accounts receivable subject to the Assignment Contracts were provided in the State of Michigan. And, neither [the defendant] nor [the defendant's corporation] has ever conducted any business other than in the State of Michigan. As such, [the defendant] meets none of the conditions precedent to permit service through the Secretary of State, and as such there was no service on [the defendant], and the Court never had jurisdiction over him.
>
> Given these undisputed facts, § 48.181, Florida Statutes, could not be applied to [the defendant], or complied with by the Plaintiff. As such, the law on this topic is simple. Without service on a defendant, the court has no jurisdiction over the defendant and any judgment against that defendant must be vacated.

(internal citations omitted). The defendant's supporting affidavit alleged, in pertinent part:

> I am a resident of the state of Michigan and I am a practicing Chiropractor in Birmingham, Michigan. At no point in time have I provided chiropractic services in any state other than Michigan. Further, I have never provided chiropractic services, operated, conducted, engaged in, or carried on a

3

business or business venture in the State of Florida, or had an office, agent or agency in the State of Florida.

Both the defendant's motion and his affidavit also argued that he had not been avoiding service. At the evidentiary hearing on the defendant's motion, the defendant testified consistent with his motion and affidavit.

In response, the plaintiff did not present any evidence to counter the defendant's affidavit and testimony. Instead, the plaintiff argued that it properly obtained substituted service on the defendant through the Florida Secretary of State in accordance with section 48.181(1) merely because its complaint alleged that the defendant was a nonresident conducting business in Florida.

The circuit court entered a written order denying the defendant's motion to vacate the final default judgment. In the order, the court made the finding of fact that "Defendant is conducting business within the State of Florida, based upon the assignment agreements entered into with Plaintiff and requiring payment in Florida." Based on that finding of fact, the court concluded that the judgment was not void for want of service.

This appeal followed. The defendant argues that he provided sworn unrefuted testimony that he is not conducting business in the State of Florida and is not avoiding service, and therefore substituted service on him through the Florida Secretary of State under section 48.181(1) was insufficient. Because service was insufficient, the defendant argues, the final judgment against him is void and should be vacated.

Based on this argument, our task is to determine whether competent substantial evidence supports the circuit court's finding of fact that the defendant was conducting business in Florida. *See P. S. R. Associates v. Artcraft-Heath*, 364 So. 2d 855, 857 (Fla. 2d DCA 1978) (upon proper contention of the assertion that a defendant is doing business in Florida, "a question of fact is presented which the trial court must resolve. As in all such factual determinations the conclusion of the trial court must be supported by competent substantial evidence.").

Having reviewed the record, we conclude competent substantial evidence does not support the circuit court's finding of fact that the defendant was conducting business in Florida. *See Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp.*, 415 So. 2d 892, 894 (Fla. 3d DCA 1982) ("[T]he plaintiff's bare allegation that the defendant was 'doing business in Florida' is insufficient to render the defendant amenable to substituted service of process under Section 48.181 . . . .").

4

Instead, as the defendant argues, he provided sworn unrefuted testimony that he is not conducting business in the State of Florida. The face of the agreements between the financing companies and the defendant's corporation bear no relation to Florida. Although the assignment agreements between the financing companies and the plaintiff directed that payments were to be made to the plaintiff in Florida, the defendant's corporation was not a party to those assignment agreements. The defendant also provided sworn unrefuted testimony that he is not avoiding service.

Because substituted service on the defendant through the Florida Secretary of State under section 48.181(1) was insufficient, the final default judgment against the defendant was void, and the circuit court should have granted the defendant's motion to vacate the judgment. We reverse and remand for the circuit court to vacate both the judgment and the default against the defendant. *See Ardt v. America's Senior Fin. Servs., Inc.,* 885 So. 2d 918, 919 (Fla. 4th DCA 2004) (reversing denial of defendants' motion to set aside final judgment under rule 1.540(b) where defendants were served in another state under section 48.181 by substituted service on the Florida Secretary of State, but section 48.181's requirements were not met).

*Reversed and remanded.*

KLINGENSMITH and KUNTZ, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***